**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: 973-623-3000
Facsimile:  973-623-0858
jdepalma@litedepalma.com

*Attorneys for Plaintiff*

[Additional Counsel Appear on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NORMA VAZQUEZ, individually and on behalf of all others similarly situated, | : : | Civil Action No.: |
| Plaintiff, | : : : | |
| v. | : : | **CLASS ACTION COMPLAINT** |
| TRIAD MEDIA SOLUTIONS, INC., a New Jersey corporation, | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

Plaintiff Norma Vazquez ("Plaintiff") brings this Class Action Complaint against

Defendant Triad Media Solutions, Inc. ("Triad"), on behalf of herself and all others similarly

situated, and complains and alleges upon personal knowledge as to herself and her own acts and

experiences, and, as to all other matters, upon information and belief, including investigation

conducted by her attorneys.

## I.   NATURE OF THE ACTION

1.      Triad is an online marketing company that "specialized in designing and

implementing uniquely successful lead generation campaigns."[1] Triad offers lead generation

services to education institutions. In an effort to market educational institutions, Triad sent (or

---

[1] Triad Media Solutions, Our Services, http://www.triadms.com (last visited July 22, 2015).

directed to be sent on its behalf) unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent[2] using an automatic dialing system in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Triad to send text messages to their wireless telephones.

3.      By sending such unauthorized text messages, Triad caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

4.      In order to redress these injuries, Plaintiff seeks an injunction requiring Triad to cease all unsolicited text message activities, an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.      <u>JURISDICTION AND VENUE</u>

5.      This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331.

6.      This Court has personal jurisdiction over Triad, because Triad conducts and carries on business in this State and owns or uses real property within this State.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Triad resides within this District.

---

[2] As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

### III.   PARTIES

*Plaintiff*

8.      Plaintiff is an individual domiciled in Braselton, Georgia.

*Defendant*

9.      Defendant Triad is a corporation organized in and existing under the laws of the State of New Jersey with its principal place of business located 2 Hudson Place, 8th Floor, Hoboken, New Jersey 07030.

10.     Triad has three principals: David Butler; Sung Kim; and James Rutha.

11.     Triad maintains the following agent for service of process: Hardin, Kundla, McKeon & Poletto, P.A., located at 673 Morris Avenue, Springfield, New Jersey 07081.

### IV.   FACTUAL BACKGROUND

*Background on Unsolicited SMS Activity*

12.     In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

13.     One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

14.     SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be

received by the called party virtually anywhere in the world.

15.     According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."[3] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[4]

16.     Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

17.     Due to the growing concern over unwanted SMS message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

18.     As of October 16, 2013, senders of SMS message advertisements for goods or services must obtain the recipient's prior express *written* consent.

19.     On July 10, 2015, the Federal Communications Commission issued a Declaratory Ruling that further acknowledged the "costly" and "particularly intrusive" nature of unwanted text messages, stating that "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission."[5]

***Defendant Triad's Unsolicited SMS Message Advertisements to Plaintiff***

20.     As part of its advertising campaign, Triad has sent and continues to send

---

[3] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx   (last   visited July 22, 2015).

[4] *Id.*

[5] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order*, CG Docket No. 02-278, ¶1 (FCC July 10, 2015).

unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

21.     On or around June 7, 2015, Triad transmitted a text message to Plaintiff's wireless phone promoting a drawing for a scholarship:



22.     The text message contains the following link: http://po.st/qshNON (the "Link").

23.     At the time the message was sent, the Link redirected the recipient of the text message to the following website: http://comparetopschools.com.

24.     Currently, however, the hyperlink in the text message directs recipients to the website, www.scholarshipzone.com, which is owned and operated by Free College Scholarship, LLC, a Delaware limited liability company based in California.

25.     Triad owns and/or operates the website http://comparetopschools.com ("Triad's Website").

26.     Triad has advertising banners for institutions such as Colorado Technical

University and Villanova University.

27.     Triad offers a tool for visitors of Triad's Website to "find and compare programs from over 7,000 schools." (*Id.*)

28.     Triad receives advertising revenue from schools to promote educational institutions. (*Id.*)

29.     These educational institutions provide services at a cost.

30.     On information and belief, Triad used the scholarship contest as pretext to gather leads and advertise educational institutions.

31.     Triad sent or transmitted, or had sent or transmitted on its behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

32.     On information and belief, Triad sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

33.     Plaintiff never consented to in writing, requested, or otherwise desired or permitted Triad to send or transmit text messages to her wireless phone.

## V.     CLASS ALLEGATIONS

34.     Plaintiff brings this action, as set forth below, on behalf of herself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States to whose wireless telephones Defendant Triad Media Solutions, Inc., or someone on its behalf, sent a non-emergency, unsolicited text message through the use of an automatic dialing system, at any time within the four years prior to the filing of the instant Complaint (the "Class").

-6-

Excluded from the Class are Triad and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

35.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

36.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Triad's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Triad's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

37.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.     Whether the equipment Triad's used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

b.     Whether Triad's text message constitutes an advertisement within the meaning of the TCPA;

c.     Whether Triad's conduct constitutes a violation of the TCPA;

d.     Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

e.     Whether Plaintiff and the Class are entitled to treble damages based on the

-7-

willfulness of Triad's conduct; and

f.      Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

38.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

39.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other Class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

40.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Triad has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

41.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Triad, so it would be impracticable for Class members to individually seek redress for Triad's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent

544594.1

or contradictory judgments, and increases the delay and expense to all parties and the court

system. By contrast, the class action device presents far fewer management difficulties, and

provides the benefits of single adjudication, economy of scale, and comprehensive supervision

by a single court.

### VI.    CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

42.    Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth

herein.

43.    Triad and its agents sent unsolicited commercial text messages to the wireless

telephone number of Plaintiff and the other Class members *en masse* without their prior express

written consent.

44.     Triad sent the text messages, or had them sent on its behalf, using equipment that

had the capacity to store or produce telephone numbers to be called using a random or sequential

number generator, and to dial such numbers.

45.    Triad utilized equipment that sent the text messages to Plaintiff and other Class

members simultaneously and without human intervention.

46.    By sending the unsolicited text messages to Plaintiff and the Class, Triad has

violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Triad's unlawful conduct, the Class

members suffered actual damages in the form of monies paid to receive the unsolicited text

messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*,

a minimum of $500.00 in damages for each such violation of the TCPA.

47.    Should the Court determine that Triad's conduct was willful or knowing, the

544594.1

Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.    JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Norma Vazquez, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.    Certifying the Class as defined above, appointing Plaintiff Norma Vazquez as the representative of the Class, and appointing her counsel as Class Counsel;

B.    Awarding of actual and statutory damages;

C.    Requiring Triad to cease all text message activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D.    Awarding of reasonable attorneys' fees and costs; and

E.    Awarding such other and further relief that the Court deems reasonable and just.


Dated: September 30, 2015          **LITE DEPALMA GREENBERG, LLC**

                                          */s/ Joseph J. DePalma*
                                          Joseph J. DePalma
                                          570 Broad Street, Suite 1201
                                          Newark, New Jersey 07102
                                          Telephone: 973-623-3000
                                          Facsimile:  973-623-0858
                                          jdepalma@litedepalma.com

                                          **LITE DEPALMA GREENBERG, LLC**
                                          Katrina Carroll
                                          211 W. Upper Wacker Drive
                                          Chicago, IL 60606
                                          Telephone: 312-750-1265
                                          Facsimile: 312-212-5919
                                          kcarroll@litedepalma.com

544594.1

**SIPRUT** PC
Joseph J. Siprut*
Ismael T. Salam*
17 North State Street, Suite 1600
Chicago, Illinois 60602
Telephone: 312-236-0000
Facsimile: 312-241-1260
jsiprut@siprut.com
isalam@siprut.com
*pro hac vice* application forthcoming

**Counsel for Plaintiff and the
Proposed Putative Class**

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any court.

I hereby certify that the following statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 30, 2015

**LITE DEPALMA GREENBERG, LLC**

 */s/ Joseph J. DePalma* 
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: 973-623-3000
Facsimile:  973-623-0858
jdepalma@litedepalma.com

**LITE DEPALMA GREENBERG, LLC**
Katrina Carroll
211 W. Upper Wacker Drive
Chicago, IL 60606
Telephone: 312-750-1265
Facsimile: 312-212-5919
kcarroll@litedepalma.com

**SIPRUT** PC
Joseph J. Siprut*
Ismael T. Salam*
17 North State Street, Suite 1600
Chicago, Illinois 60602
Telephone: 312-236-0000
Facsimile: 312-241-1260
jsiprut@siprut.com
isalam@siprut.com
*pro hac vice* application forthcoming

*Counsel for Plaintiff and the*
*Proposed Putative Class*

-12-

544594.1