**BRESSLER AMERY & ROSS, P.C.**
Mark M. Tallmadge, Esq.
Kenneth J. Cesta, Esq.
325 Columbia Turnpike
Florham Park, New Jersey 07932
Tel: (973) 514-1200
Fax: 973-514-1660
mtallmadge@bressler.com
kcesta@bressler.com
*Attorneys for Defendant Triad Media Solutions, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA VAZQUEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TRIAD MEDIA SOLUTIONS, INC., a New Jersey corporation, <br><br> Defendant. | Civil Action No. 2:15-cv-07220-WHW-CLW <br><br><br> **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** <br><br><br> *Document Electronically Filed* |

Defendant TriAd Media Solutions, Inc. ("Defendant"), by and through its attorneys, answers the Class Action Complaint (the "Complaint") of plaintiff, Norma Vazquez, individually and on behalf of all others similarly situated ("Plaintiff"), as follows:

### I.     NATURE OF THE ACTION

1.     Defendant admits that it is an online marketing company and that it offers, among other services, lead generation services to educational institutions. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

## II.     JURISDICTION AND VENUE

5. Defendant states that the allegations contained in paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required to these legal conclusions, Defendant admits only that Plaintiff purports to bring this action pursuant to 28 U.S.C. §1331.

6. Defendant admits that it conducts business in New Jersey. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

## III.     PARTIES

*Plaintiff*

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

*Defendant*

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

### IV. FACTUAL BACKGROUND

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that paragraph 15 purports to set forth selected quotes from the web page described in paragraph 15. Defendant refers to the web page for a complete and accurate recitation of its contents. Defendant denies the remaining allegations of paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant states that the allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required to these legal conclusions, Defendant denies the allegations of paragraph 18.

19. Defendant admits that on July 10, 2015, the Federal Communications Commission issued the Declaratory Ruling set forth in paragraph 19 and footnote 5 of the Complaint. Defendant refers the Court to the Declaratory Ruling for its complete provisions, terms, limitations and legal effect. Defendant denies the remaining allegations of paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

## V.     CLASS ALLEGATIONS

34. Defendant denies the allegations contained in paragraph 34 of the Complaint except admits that Plaintiff purports to bring this action on behalf of a proposed class as defined in paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

## VI.  CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. §227
### (On Behalf of the Class)

42. Defendant repeats its responses to the allegations in Paragraphs 1 through 41 as if fully set forth at length herein.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

## **GENERAL DENIAL**

Except as otherwise expressly recognized above, Defendant denies each and every allegation contained in the Complaint, including, without limitation, the headings contained in the Complaint, and specifically denies any liability to Plaintiff or any members of the class that Plaintiff purports to represent.  Pursuant to Federal Rule of Civil Procedure 8(d), averments in the Complaint to which no responsive pleading are required shall be deemed denied.  Defendant expressly reserves the right to amend and/or supplement its Answer and Affirmative Defenses.

WHEREFORE, Defendant respectfully requests that (i) the Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of Defendant; (ii)  Defendant be awarded costs and disbursements, including reasonable attorneys' fees; and (iii) Defendant be awarded such other and further relief as the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

The assertion of each and every affirmative defense stated herein shall not be construed as an admission by Defendant of any liability or wrongdoing, nor is Defendant in any way agreeing or conceding that it has the burden of proof or the burden of persuasion for any affirmative defense.  Defendant reserves the right to assert additional defenses to the Complaint that may be appropriate following further investigation or discovery in this action and/or amendment by Plaintiff stating new or different claims.  For its Affirmative Defenses to the Complaint, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused either in whole or in part by the conduct of others over whom Defendant had no authority or control.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and/or the claims of any members of the classes that Plaintiff purports to represent, may be barred, in whole or in part, to the extent that the sender of the alleged text messages set forth in the Complaint had an established business relationship pursuant to 47 U.S.C. § 227(b)(1)(C)(i), voluntarily communicated their cell phone numbers to the sender of the alleged text messages, and/or consented to receipt of the alleged text messages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they seek to hold Defendant liable for text messages it did not send.

## FIFTH AFFIRMATIVE DEFENSE

This action is not properly brought as a class action in that, among other things, Plaintiff is not an adequate class representative, common questions of fact and law do not predominate, Plaintiff's claims are not typical of the claims of the purported class, a class action is not superior to other available methods for the fair and efficient adjudication of this controversy, and the proposed class members are not so numerous and geographically dispersed that individual joinder of all absent class members is impracticable.

8

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members alleged recovery is barred to the extent they have not suffered any damages and/or by the doctrine of *de minimus* harm.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and/or the claims of any members of the class that Plaintiff purports to represent, are barred by the First Amendment to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks putative class damages, the aggregated statutory damages, if any, may result in potential ruinous liability for Defendant, and may constitute excessive fines in violation of the United States Constitution, Eighth Amendment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff, and/or any members of the classes that Plaintiff purports to represent, failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish the alleged damages, and accordingly they are barred from recovering any damages that might have been prevented.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name all necessary and indispensable parties to this action.

## **TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members' claims are barred to the extent they arose outside the applicable statute of limitations.

WHEREFORE, Defendant respectfully requests that (i) the Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of Defendant; (ii) Defendant be awarded costs and disbursements, including reasonable attorneys' fees; and (iii) Defendant be awarded such other and further relief as the Court deems just and equitable.

BRESSLER, AMERY & ROSS, P.C.

By:   */s/ Mark M. Tallmadge*
        Mark M. Tallmadge
        Kenneth J. Cesta

325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
mtallmadge@bressler.com
kcesta@bressler.com

*Attorneys for Defendant TriAd Media Solutions, Inc.*

Dated:  November 24, 2015

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

Dated: November 24, 2015     */s/ Mark M. Tallmadge*
                              Mark M. Tallmadge

## **CERTIFICATION OF ELECTRONIC FILING**

I hereby certify that on this day I caused the following documents to be filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of New Jersey and the District's Rules on Electronic Service: (1) Answer to Complaint and Affirmative Defenses; and (2) this Certification of Service. Specifically, I caused counsel of record for Plaintiff Norma Vazquez to be served via ECF filing.

I certify that the foregoing statement made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: November 24, 2015              */s/ Mark M. Tallmadge*
                                      Mark M. Tallmadge