NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NORMA VAZQUEZ, individually and on behalf of others similarly situated,

    Plaintiff,

v.

TRIAD MEDIA SOLUTIONS, INC.,

    Defendant.

OPINION

Civ. No. 15-cv-07220 (WHW)(CLW)

**Walls, Senior District Judge**

    Plaintiff Norma Vazquez moves to strike several affirmative defenses asserted by Defendant TriAd Media Solutions in its answer to her class action complaint charging Defendant with sending unsolicited commercial text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

    The following facts are taken as alleged in Plaintiff's class action complaint, ECF No. 1. Defendant TriAd Media Solutions, Inc. ("Triad") is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business in Hoboken, New Jersey. *Id*. ¶ 9. Triad is an online marketing company that "specialize[s] in designing and implementing uniquely successful lead generation campaigns" for educational institutions. *Id*. ¶ 1. Plaintiff Norma Vazquez is an individual domiciled in Braselton, Georgia. *Id*. ¶ 8.

NOT FOR PUBLICATION

A Federal Communications Commission ("FCC") rule requires that senders of advertisements for goods or services in the form of Short Message Services ("SMS") text messages obtain each recipient's prior express written consent before sending. *Id.* ¶ 17-18, n.5 (citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order*, 30 F.C.C.R. 7961, ¶ 1 (FCC July 10, 2015)). Despite this, Plaintiff alleges that on or around June 7, 2015, Triad sent an unsolicited text message to her wireless phone "promoting a drawing for a scholarship." *Id.* ¶ 21 (including image of the message). Plaintiff did not consent in writing to receive this message. *Id.* ¶ 33. Triad sent this same, or substantially the same, text message to thousands of phone numbers generated by an automatic dialing system. *Id.* ¶¶ 31-32.

At the time it was sent, the text message contained a hyperlink to the website http://comparetopschools.com, a website owned by Triad that includes advertising banners for educational institutions and a tool to help visitors "find and compare programs from over 7,000 schools." *Id.* ¶¶ 23-27. According to the complaint, "Triad used the scholarship contest as a pretext to gather leads and advertise educational institutions," from which Triad received advertising revenue. *Id.* ¶¶ 28-30.

On September 30, 2015, Plaintiff Vazquez brought an action against Triad on behalf of herself and a class of "[a]ll individuals in the United States whose wireless telephones [Triad], or someone on its behalf, sent a non-emergency, unsolicited text message through the use of an automatic dialing system, at any time within the four years prior" to the filing of the complaint (the "class"). *Id.* ¶ 34. Plaintiff alleges that Triad violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by sending unsolicited, non-emergency commercial text messages through the use of an automatic dialing system without receiving prior

express written consent from recipients. *Id.* ¶ 42-46. Plaintiff seeks, on behalf of herself and the class, (a) an award of actual and statutory damages, including minimum of $500.00 in statutory damages for each violation of the TCPA under 47 U.S.C. § 227(b)(3)(B); (b) an injunction requiring Triad to cease all text message activities initiated without the prior express written consent of recipients; (c) an award of reasonable attorneys' fees and costs; and (d) any other relief the Court deems reasonable and just. *Id.* at 10, ¶¶ 46-47.

On November 24, 2015, Defendant Triad filed an answer and affirmative defenses to the complaint. Answer and Affirmative Defenses, ECF No. 9. Defendant states twelve separate affirmative defenses. *Id.* at 7-10. On December 15, 2015, Plaintiff filed a motion under Fed. R. Civ. P. 12(f) to strike several of these affirmative defenses. P. Mot. Strike, ECF No. 13. Plaintiff argues that three of the affirmative defenses – the Seventh, Eighth, and Twelfth – must be stricken because they fail to provide her with fair notice of the defenses, *id.* at 2-3; that six of the affirmative defenses – the Third, Sixth, Eighth, Ninth, Tenth, and Twelfth – must be stricken because they are legally insufficient, *id.* at 3-8; and that two – the Eighth and Ninth – must be stricken because they raise constitutional issues in violation of Fed. R. Civ. P. 5.1. *Id.* at 5. Finally, Plaintiff argues that Triad may not "reserve the right to add additional affirmative defenses." *Id.* at 9-10. Defendant filed a memorandum in opposition to the motion to strike on January 5, 2016. Def. Mem. Opp. Mot. Strike, ECF No. 16. Plaintiff filed a reply brief in support of the motion to strike on January 12, 2016. ECF No. 17. In the reply brief, Plaintiff withdraws its requests to strike the Twelfth and Sixth Affirmative Defenses. *Id.* at 4 n.4. The Court addresses the remaining requests to strike here.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may do so "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). Whether to strike a defense under Rule 12(f) is at the discretion of the court. *Newborn Bros. Co., Inc. v. Albion Engineering Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014) (citations omitted).

"A Rule 12(f) motion is not meant to determine unclear or disputed questions of law." *Fed. Dep. Ins. Co. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994). Although "motions to strike serve a useful purpose by eliminating defenses and saving the time and expense which would otherwise be spent litigating issues which would not affect the outcome of the case," *id.* at 93 (quoting *United States v. Kramer*, 757 F. Supp. 397, 410 (D.N.J. 1991)), the court "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Id.* (quoting *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). Generally, motions to strike will be "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (quoting *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. sup. 200, 217 (D.N.J. 1993)); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1381 (3d ed. 2015) ("Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character."). Simply demonstrating that a challenged defense is "redundant, immaterial, impertinent, or scandalous" is insufficient; the moving party

must also show that "the presence of surplusage will prejudice the adverse party." *Newborn Bros*, 299 F.R.D. at 94 (quoting *Hope Now*, 2011 WL 883202, at *1); *see also* Wright & Miller, § 1381 ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").

While the Third Circuit has not definitively addressed the issue, district courts within the Third Circuit have held that the heightened *Iqbal/Twombly* requirement that a pleading "state a claim . . . that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), does not apply to the pleading of affirmative defenses under Fed. R. Civ. P. 8(c). *See Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015); *Newborn Bros*, 299 F.R.D. at 97 (citing *Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011); *Signature Bank v. Check-X-Change, LLC*, 2013 WL 3286514, at *5 (D.N.J. June 27, 2013); *Hope Now*, 2011 WL 883202, at *3). Instead, a defendant asserting a Rule 8(c) affirmative defense "must merely provide fair notice of the issue involved." *Tyco Fire Products*, 777 F. Supp. 2d at 900.

Under Federal Rule of Civil Procedure 15(a)(2), the court should "freely give leave" to amend a stricken affirmative defense "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have routinely dismissed without prejudice and have granted leave to amend "bare bones" defenses, *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 147 (E.D. Pa. 2011), and other defenses where there is "little indication that amendment is futile," *Mifflinburg Telegraph*, 80 F. Supp. 3d at 574.

## DISCUSSION

### I. The fair notice challenges

Plaintiff claims that two of Defendant's affirmative defenses must be stricken because they fail to meet the pleading requirements of Fed. R. Civ. P. 8(c). ECF No. 13 at 1-3.

As discussed, while an affirmative defense does not need to meet the *Iqbal/Twombly* plausibility standard, the pleading must still give plaintiffs "fair notice" of the defense. *Mifflinburg Telegraph*, 80 F. Supp. 3d at 574. A defendant may satisfy the fair notice requirement by "including a short and plain statement of the grounds for asserting an affirmative defense that demonstrates a logical relationship to the lawsuit or refer to general facts elsewhere in any parties' pleadings." *Id.* (citing Wright & Miller, § 1382). Courts have held that "fair notice requires more than a mere rote recitation of generally available affirmative defenses without citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the case in any way." *Id.* (citing Wright & Miller, § 1382; *Peoples State Bank of Wyalusing, PA v. Wellsburg Truck Auto Sales, Inc.*, 2010 WL 4922877, *3 (M.D. Pa. Nov. 29, 2010)).

#### a. Seventh Affirmative Defense

Plaintiff claims that Defendant's Seventh Affirmative Defense, that "Plaintiff's claims are barred by the doctrines of waiver and/or estoppel," ECF No. 9 at 9, fails to provide Plaintiff with fair notice of the defense. ECF No. 13 at 2. The Court agrees.

Defendant does not explain how or why the doctrines of waiver or estoppel apply to any of the claims or facts at issue, does not demonstrate a "logical relationship" – or any relationship at all – between the defense and Plaintiff's allegations, and does not refer to any facts or premises raised in the case. The defense "omits a short and plain statement of the facts entirely

and fails totally to allege the necessary elements of the claim" *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 146 (E.D. Pa. 2011) (citing *Heller Fin., Inc. v. Midwhey Power Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Based on this pleading, Plaintiff has no way of knowing how Defendant may challenge the complaint on the basis of waiver and/or estoppel. Because Plaintiff would be prejudiced by having to respond without fair notice of the nature of the defense, the Court will strike the Seventh Affirmative Defense.

There is "little indication that amendment is futile" here – Defendant may be able to provide fair notice simply by alluding to specific facts in the case – so the Court strikes the Seventh Affirmative Defense without prejudice. *Mifflinburg Telegraph*, 80 F. Supp. 3d at 574. Defendant may seek leave to amend the pleading under Fed. R. Civ. P. 15.

### b. Eighth Affirmative Defense

For the same reasons, the Court will strike Defendant's Eighth Affirmative Defense without prejudice. Defendant states that "Plaintiff's claims, and/or the claims of any members of the class that Plaintiff purports to represent, are barred by the First Amendment to the United States Constitution." ECF No. 9 at 9. Again, Defendant gives a "mere rote recitation" of a type of defense "without citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the case in any way." *Mifflinburg Telegraph*, 80 F. Supp. 3d at 574. Defendant gives no indication how Plaintiff's claims or the statute at issue are in any way limited by First Amendment principles (or which First Amendment principles Defendant intends to raise). Plaintiff would be prejudiced by having to respond to a general First

Amendment defense without fair notice of the nature of the defense, so the Court strikes Defendant's Eighth Affirmative Defense without prejudice.

## II. The legal insufficiency challenges

Plaintiff moves to strike all or part of four of Defendant's affirmative defenses as legally insufficient. As discussed, motions to strike a defense as insufficient "are not favored by the federal courts because of their somewhat dilatory and often harassing character," Wright & Miller § 1381, but courts will still grant a motion to strike "when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading." *Dann*, 274 F.R.D. at 146 (quoting *Fed. Deposit Ins. Corp. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994)).

### a. Third Affirmative Defense

Defendant's Third Affirmative Defense is that the claims of Plaintiff and class members are "barred . . . to the extent that the sender of the alleged text messages set forth in the Complaint had an established business relationship pursuant to 47 U.S.C. § 227(b)(1)(C)(i), voluntarily communicated their cell phone numbers to the sender of the alleged text messages, and/or consented to a receipt of the alleged text messages." ECF No. 9 at 8.

The Third Circuit has held that the "established business relationship" exemption of 47 U.S.C. § 227(b)(1)(C)(i) applies "exclusively to residential lines, [and] there is no established business relationship . . . exemption that applies to autodialed calls made to cellular phones." *Gager v. Dell Fin. Servs., LLC*, 7272 F.3d 265, 273 (3d Cir. 2013). Plaintiff alleges that she and members of the class received text messages on wireless telephones, not residential lines, ECF No. 1 ¶ 34, so there is no set of facts under which the "established business relationship"

8

exemption of 47 U.S.C. § 227(b)(1)(C)(i) could provide a defense to this action.[1] The Court strikes the "established business relationship" provision of Defendant's Third Affirmative Defense with prejudice, as amendment of this provision would be futile.

### b. Eighth Affirmative Defense

As discussed, the Court strikes Defendant's Eighth Affirmative Defense – that the action is barred by the First Amendment, ECF No. 9 at 9 – without prejudice for failure to give proper notice. Plaintiff also argues that this defense is legally insufficient. Plaintiff cites cases in other Courts of Appeals and district courts outside the Third Circuit holding that the TCPA does not violate the First Amendment, *see, e.g., Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1045 (9th Cir. 2012); *Missouri ex rel. Nixon v. Am. Blast Fax, Inc.*, 323 F.3d 649, 660 (8th Cir. 2003), but cites no precedent in the Third Circuit. Because the "insufficiency of the defense is not clearly apparent," *Kramer*, 757 F. Supp. at 410, and Plaintiff's motion "requires this court to determine an unclear question of law in the absence of binding circuit precedent," *Dann*, 274 F.R.D. at 144, the Court denies Plaintiff's request to strike the Eighth Affirmative Defense on the ground of legal insufficiency.

### c. Ninth Affirmative Defense

In the Ninth Affirmative Defense, Defendant argues that "the aggregated statutory damages" sought by the class "may result in potential ruinous liability for Defendant, and may

---

[1] Defendant argues that Plaintiff has failed to show that the "established business relationship" exemption does not apply to autodialed *text messages*, as opposed to phone calls. ECF No. 16 at 12. But both the FCC and the Third Circuit have held that "[t]ext messages are 'calls' subject to the TCPA." *In re TCPA*, 30 F.C.C.R. 7961 ¶ 2; *see also Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) ("The TCPA's prohibition on automated dialing applies to both voice calls and text messages.").

constitute excessive fines in violation of the United States Constitution, Eighth Amendment." ECF No. 9 at 9.

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. As Plaintiff argues, the Eighth Amendment has no application in this case. The Supreme Court has held that the Eighth Amendment's "Excessive Fines Clause" "does not constrain an award of money damages in a civil suit when the government neither has prosecuted the action nor has any right to receive a share of the damages awarded." *Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 264 (1989); *see also Austin v. United States*, 509 U.S. 602, 609-10 (1993) ("The purpose of the Eighth Amendment . . . was to limit the government's power to punish. . . . The Excessive Fines Clause limits the government's power to extract payments, weather in cash or in kind, as *punishment* for some offense.") (internal quotations and citations omitted, emphasis in original); *Leonen v. Johns-Manville Corp.*, 717 F. Supp. 272, 286 (D.N.J. 1989) (the Eighth Amendment "does not act to restrict such awards where the government has not prosecuted the suit or cannot share the recovery") (citing *Browning-Ferris*, 492 U.S. at 264).

The Government is not a plaintiff in this case, Plaintiff has not brought the suit on the Government's behalf, and neither party argues that the Government could share in the potential recovery. The Excessive Fines Clause does not limit the potential award in this case, and Defendant does not attempt to argue that "potential ruinous liability" bars a private cause of action. The Court strikes Defendant's Ninth Affirmative Defense with prejudice.

10

### d. Tenth Affirmative Defense

Defendant's Tenth Affirmative Defense is that Plaintiffs and the class members "failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish the alleged damages, and accordingly they are barred from recovering any damages that might have been prevented." ECF No. 9 at 9. Plaintiff challenges this defense as legally insufficient and cites to cases outside the Third Circuit holding that "the TCPA is essentially a strict liability statute," *Alea London v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011), *cert denied*, 132 S. Ct. 553, and rejecting the argument that plaintiffs have any duty to mitigate their damages under this statute, *see*, e.g., *Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 763-64 (N.D. Ill. 2011). But again, Plaintiff does not cite any binding, Third Circuit authority in support of her argument, and the motion to strike "requires this court to determine an unclear question of law in the absence of binding circuit precedent." *Dann*, 274 F.R.D. at 144. The Court denies the motion to strike Defendant's Tenth Affirmative Defense.

### III. Notice of Constitutional Challenges to Statutes

Plaintiff argues, correctly, that Defendant's Eighth and Ninth Affirmative Defenses fail to comply with Fed. R. Civ. P. 5.1. This Rule requires, in part, that a party challenging the constitutionality of a federal or state statute in a suit that does not include governmental parties must (1) "file a notice of constitutional question stating the question and identifying the paper that raises it" and (2) "serve the notice and paper on the Attorney General of the United States . . . either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose." Fed. R. Civ. P. 5.1(a); *see also* D.N.J. L. Civ. R. 24.1(a) (local rule requiring party challenging constitutionality of federal statute to "notify the Judge to whom the action is assigned, in writing, of the existence of said question, identifying: (1) the title and

docket number of the action; (2) the statute challenged; and (3) why it is claimed that the statute is unconstitutional.").

Defendant's Eighth and Ninth Affirmative Defenses raise constitutional challenges to the TCPA. ECF No. 9 at 9. To repeat, the Court dismisses the Ninth Affirmative Defense (the Excessive Fines Clause of the Eighth Amendment) with prejudice but dismisses the Eighth Affirmative Defense (the First Amendment) without prejudice. If Defendant seeks to amend its answer to re-assert the Eighth Affirmative Defense, Defendant is instructed to provide notice of the constitutional challenge as required by Fed. R. Civ. P. 5.1(a) and D.N.J. L. Civ. R. 24.1(a).

## IV. Defendant's right to supplement and/or amend its answer and affirmative defenses

Defendant "expressly reserves the right to amend and/or supplement its Answer and Affirmative Defenses." ECF No. 9 at 7. Plaintiff correctly claims that Fed. R. Civ. P. 8 does not allow a general reservation of affirmative defenses. A "general reservation," like the one here, "does not actually assert a defense. Instead, it merely indicates a defendant's possible intention to assert a defense in the future. As such, it injects only ambiguity into the pleadings and therefore violates Rule 8's notice requirement." *Sensient Colors*, 580 F. Supp. 2d at 389 (citations omitted).

According to Defendant, this "general reservation is neither styled nor intended as an affirmative defense." ECF No. 16 at 15. Instead, the reservation "was intended to put Plaintiff on notice, in the interest of eliminating unfair surprise, that TriAd has not waived its right to seek leave of the Court to amend its answer. . . ." *Id.* To the extent that Defendant's reservation can be read as an attempt to secure the right to assert additional affirmative defenses *without* leave of

the Court, the Court strikes it. Otherwise, Defendant may follow the procedure provided in Fed. R. Civ. P. 15 and seek leave of the Court to amend or supplement its pleadings.

## CONCLUSION

Plaintiff's motion to strike Defendant's answer and affirmative defenses is granted in part and denied in part. The Court strikes Defendant's Ninth Affirmative Defense and the "established business relationship" portion of the Third Affirmative Defense with prejudice and strikes the Seventh and Eighth Affirmative Defenses without prejudice. The Court also strikes Defendant's reservation of any automatic right to assert additional affirmative defenses. Defendant may seek leave to amend to reassert the Seventh and Eighth Affirmative Defenses, and it must provide notice of a constitutional question under Fed. R. Civ. P. 5.1(a) if it reasserts the Eighth Affirmative Defense. An appropriate order follows.

DATE: 13 July 2016

William H. Walls
Senior United States District Court Judge