## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA VAZQUEZ, individually and on behalf of all others similarly situated, | : : : Civil Action No.: 15-cv-07220 (WHW)(CLW) |
| *Plaintiff*, | : : Hon. William H. Walls |
| v. | : : Hon. Cathy L. Waldor |
| TRIAD MEDIA SOLUTIONS, INC., a New Jersey corporation, ZETA INTERACTIVE CORPORATION, a Delaware Corporation, and SPIRE VISION LLC, a Delaware Corporation, | : : : : : : |
| *Defendants*. | : |

## FIRST AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Norma Vazquez ("Plaintiff") brings this First Amended Class Action Complaint (the "Complaint") against Defendants TriAd Media Solutions, Inc. ("Triad"), Zeta Interactive Corporation ("Zeta"), and Spire Vision LLC ("Spire") (collectively, "Defendants"), on behalf of herself and all others similarly situated (the "Class", as defined *infra*), and complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### I.     NATURE OF THE ACTION

1.     Defendant Triad is an online marketing company that "specializes in designing and implementing uniquely successful lead generation campaigns."[1] Triad offers lead generation services to education institutions.

---

[1] TriAd Media Solutions, Our Services, http://www.triadms.com (last visited June 10, 2016).

2.      Defendant Zeta is a marketing company that claims to specialize in "helping the World's Leading Brands Acquire, Grow & Retain Customers."[2] Zeta offers marketing services a variety of companies across the world.

3.      Defendant Spire is a marketing company that provides distribution networks to lead generation companies.[3]

4.      In an effort to market educational institutions, Triad, Zeta, and Spire sent unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").[4]

5.      Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Triad, Zeta, Spire, or their agents to send text messages to their wireless telephones.

6.      By sending such unauthorized text messages, Triad, Zeta, and Spire caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

7.      In order to redress these injuries, Plaintiff seeks an injunction requiring Triad to cease all unsolicited text message activities, an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

---

[2] Zeta Interactive, http://www.zetainteractive.com (last visited June 10, 2016).

[3] Spire Vision – the pinnacle of performance marketing, http://www.spirevision.com/index.html (last visited June 10, 2016).

[4] As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

## II.    JURISDICTION AND VENUE

8.    This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331.

9.    This Court has personal jurisdiction over Triad because Triad conducts and carries on business in the State of New Jersey and owns or uses real property within the State of New Jersey.

10.    This Court has personal jurisdiction over Zeta because Zeta conducts and carries on business in the State of New Jersey.

11.    This Court has personal jurisdiction over Spire because Spire conducts and carries on business in the State of New Jersey.

12.    Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(3), because all Defendants are subject to this court's personal jurisdiction.

## III.    PARTIES

*Plaintiff*

13.    Plaintiff is an individual domiciled in Braselton, Georgia.

*Defendants*

14.    Defendant Triad is a corporation organized in and existing under the laws of the State of New Jersey, with its principal place of business located 2 Hudson Place, 8th Floor, Hoboken, New Jersey 07030.

15.    Triad has three principals: David Butler; Sung Kim; and James Rutha.

16.    Triad maintains the following agent for service of process: Hardin, Kundla, McKeon & Poletto, P.A., located at 673 Morris Avenue, Springfield, New Jersey 07081.

601209.1

17.     Defendant Zeta is a corporation organized in and existing under the laws of the State of Delaware, with its principle place of business located at 185 Madison Avenue, 5th Floor, New York, New York 10016.

18.     Zeta maintains the following agents for service of process: (a) National Registered Agents, Inc., located at 111 Eighth Avenue, New York, New York 10011; and (b) National Registered Agents, Inc., located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

19.     Defendant Spire is a corporation organized in and existing under the laws of the State of Delaware, with its principle place of business located at 185 Madison Avenue, 5th Floor, New York, New York 10016.

20.     Spire maintains the following agent for service of process: National Registered Agents, Inc., located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

21.     Spire is a subsidiary of Zeta.

### IV.     <u>FACTUAL BACKGROUND</u>

***Background on Unsolicited SMS Activity***

22.     In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

23.     One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

24.     SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

25.     According to a study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."[5] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[6]

26.     Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

27.     Due to the growing concern over unwanted SMS message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

28.     As of October 16, 2013, senders of SMS message advertisements for goods or services must obtain the recipient's prior express **written** consent.

29.     On July 10, 2015, the Federal Communications Commission issued a "Declaratory Ruling" that further acknowledged the "costly" and "particularly intrusive" nature of unwanted text messages, stating that "Month after month, unwanted robocalls and texts, both

---

[5] Amanda Lenhart, Cell Phones and American Adults (2010), http://www.pewinternet.org/2010/09/02/cell-phones-and-american-adults/ (last visited June 10, 2016).

[6] *Id.*

telemarketing and informational, top the list of consumer complaints received by the Commission."[7]

***Defendants' Unsolicited SMS Message Advertisements To Plaintiff***

30.     As part of an advertising campaign, the three Defendants have sent and continue to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

31.     On or around June 7, 2015, the Defendants transmitted a text message to Plaintiff's wireless phone promoting a drawing for a scholarship:



32.     The text message contains the following link: http://po.st/qshNON (the "Link").

33.     At the time the message was sent, the Link redirected the recipient of the text message to the following website: http://comparetopschools.com.

---

[7] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order*, CG Docket No. 02-278, ¶1 (FCC July 10, 2015).

34.     Currently, however, the hyperlink in the text message directs recipients to the website, http://approvedsolutions.net/new/thomas6.php?BeGS, which displays an error page of the website http://approvedsolutions.net/. This website is owned and operated by Click Cash Marketing, Inc., a California-based entity specializing in email and text message marketing.[8]

35.     Triad owns and operates the website http://comparetopschools.com ("Triad's Website").

36.     On Triad's Website, Triad has advertising banners for institutions such as Colorado Technical University and Villanova University.

37.     On Triad's Website, Triad offers a tool for visitors of Triad's Website to "find and compare programs from over 7,000 schools."

38.     Triad receives advertising revenue from schools to promote educational institutions.

39.     These educational institutions provide services at a cost.

40.     Triad used the scholarship contest as pretext to gather leads and advertise educational institutions.

41.     The three Defendants sent and transmitted the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers and randomly generated phone numbers.

42.     The three Defendants sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. 47 U.S.C. § 227(a)(1).

---

[8] Click Cash Marketing – About Us, http://clickcashmarketing.com/about-us/ (last visited June 10, 2016).

43. Plaintiff and the Class members never consented to in writing, requested, or otherwise desired or permitted the Defendants to send or transmit text messages to their wireless phones.

## V.   CLASS ALLEGATIONS

44. Plaintiff brings this action, as set forth below, on behalf of herself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States to whose wireless telephones Defendant Triad Media Solutions, Inc., Defendant Zeta Interactive Corporation, and Defendant Spire Vision LLC, or someone on any of their behalf, sent a non-emergency, unsolicited text message through the use of an automatic dialing system, at any time within the four years prior to the filing of the instant Complaint (the "Class").

Excluded from the Class are: (a) Triad and its subsidiaries and affiliates; (b) Zeta and its subsidiaries and affiliates; (c) Spire and its subsidiaries and affiliates; (d) all persons who make a timely election to be excluded from the Class; (e) governmental entities; and (f) the judge to whom this case is assigned and any immediate family members thereof.

45. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

46. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. There are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be

notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

47.   **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**   This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.   Whether the equipment Defendants used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

b.   Whether Defendants' text message constitutes an advertisement within the meaning of the TCPA;

c.   Whether Defendants' conduct constitutes a violation of the TCPA;

d.   Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

e.   Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

f.   Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

48.   **Typicality – Federal Rule of Civil Procedure 23(a)(3).**   Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

49.   **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other Class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

50.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** The Defendants have each acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

51.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against the Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.     <u>INJUNCTION</u>

52.     Defendants' ongoing violations of the TCPA constitute an irreparable injury to the Class.

53.     Because Defendants' violations are ongoing, remedies at law are inadequate to compensate the Class for the injuries inflicted by Defendants.

54.     An injunction is warranted and will: (a) pose no hardship on the Class; and (b) pose little hardship to Defendants as it will only prevent them from engaging in conduct that

harms the Class members for no proper reason. Thus, an injunction is warranted and a balancing of the hardships favors the granting of an injunction.

55.     The entry of a permanent injunction serves the public interest in that it will prevent the Defendants from texting members of the Class, and the public, to improperly market services.

## VII.     CLAIMS ALLEGED

### COUNT I
**Violation Of The TCPA, 47 U.S.C. § 227**
**(On Behalf Of The Class)**
**(As To All Defendants)**

56.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

57.     The Defendants sent unsolicited commercial text messages to the wireless telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

58.     The Defendants sent the text messages using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

59.     The Defendants utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

60.     By sending the unsolicited text messages to Plaintiff and the Class, the Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of the Defendants unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

601209.1

61.     Should the Court determine that the Defendants' conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VIII.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## IX.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Norma Vazquez, individually and on behalf of the Class, requests that the Court enter an Order:

A.     Certifying the Class, appointing Plaintiff Norma Vazquez as the representative of the Class, and appointing her counsel as Class Counsel;

B.     Finding the Defendants liable for violating the TCPA;

C.     Awarding actual and statutory damages;

D.     Trebling the Class' damages for Defendants' willful or knowing violation of the TCPA;

E.     Requiring Defendants to cease text message activities that market services to parties that have not expressly assented to the receipt of such text message activities;

F.     Awarding reasonable attorneys' fees and costs; and

G.     Awarding such additional relief that the Court deems just.


Dated: June 27, 2016                    LITE DEPALMA GREENBERG, LLC

                                        _/s/     Joseph J. DePalma___
                                        Joseph J. DePalma
                                        570 Broad Street, Suite 1201
                                        Newark, New Jersey 07102
                                        Telephone: (973) 623-3000
                                        Facsimile: (973) 623-0858
                                        jdepalma@litedepalma.com

601209.1

**Siprut pc**
Joseph J. Siprut*
Richard L. Miller II*
17 North State Street, Suite 1600
Chicago, IL 60602
Telephone: (312) 236-0616
Facsimile: (312) 241-1260
jsiprut@siprut.com
rmiller@siprut.com

*Admitted *pro hac vice*

**Counsel for Plaintiff
and Proposed Putative Class**

601209.1