Peter G. Siachos, Esq.
GORDON & REES LLP
18 Columbia Turnpike, Ste. 220
Florham Park, NJ  07932
Telephone: (973) 549-2532

*Attorney for Defendants*
Zeta Interactive Corporation and
Spire Vision LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA VAZQUEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRIAD MEDIA SOLUTIONS, INC. a New Jersey Corporation, ZETA INTERACTIVE CORPORATION, a Delaware Corporation, and SPIRE VISION LLC, a Delaware Corporation, <br><br> Defendants. | No.: 2:15-cv-07220-WHW-CLW <br><br> Assigned to Hon. William H. Walls <br><br><br> **DEFENDANTS ZETA INTERACTIVE CORPORATION AND SPIRE VISION LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Zeta Interactive Corporation ("Zeta") and Defendant Spire Vision LLC ("Spire") (collectively, "Defendants") by and through their attorneys, answers the First Amended Class Action Complaint (the "FAC") of Plaintiff Norma Vazquez, individually and on behalf of all others similarly situated ("Plaintiff"), as follows:

### NATURE OF THE ACTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's FAC and on that basis denies those allegations.

2. Admitted.

3. Admitted.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's FAC and on that basis denies those allegations.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's FAC and on that basis denies those allegations.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's FAC and on that basis denies those allegations.

7. Paragraph 7 of Plaintiff's FAC describes Plaintiff's claims and no response is required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

8. Defendants deny that the Court has subject matter jurisdiction over this matter, including but not limited to because there is no case or controversy, Plaintiff has no standing, and Plaintiff suffered no injury under *Spokeo v. Robins*, 136 S.Ct. 1540 (2016). Defendants deny the Court has jurisdiction over the putative class. Defendants lack sufficient information to admit or deny, and on that basis deny, that the messages that are the subject of the FAC originated from Defendants. Even if the messages that are the subject of the FAC originated from Defendants, the recipients of those messages agreed to arbitrate any and all disputes and waived all rights to commence or participate in a class action. For these reasons, the Court lacks subject matter jurisdiction. Defendants deny the remainder of the allegations in Paragraph 8.

9. Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 9 of Plaintiff's FAC and on that basis denies those allegations.

    10.   Zeta admits that it conducts and carries on business in the State of New Jersey. Defendants deny the Court has personal jurisdiction over Zeta in this matter. Defendants lack sufficient information to admit or deny, and on that basis deny, that the messages that are the subject of the FAC originated from Defendants. Even if the messages that are the subject of the FAC originated from Defendants, the recipients of those messages agreed to arbitrate any and all disputes and waived all rights to commence or participate in a class action. For these reasons, the Court lacks personal jurisdiction over Zeta. Defendants deny the remainder of the allegations in Paragraph 10.

    11.   Spire admits that it conducts and carries on business in the State of New Jersey. Defendants deny the Court has personal jurisdiction over Spire in this matter. Defendants lack sufficient information to admit or deny, and on that basis deny, that the messages that are the subject of the FAC originated from Defendants. Even if the messages that are the subject of the FAC originated from Defendants, the recipients of those messages agreed to arbitrate any and all disputes and waived all rights to commence or participate in a class action. For these reasons, the Court lacks personal jurisdiction over Spire. Defendants deny the remainder of the allegations in Paragraph 11.

    12.   Defendants deny that venue is proper in this District. Defendants lack sufficient information to admit or deny, and on that basis deny, that the messages that are the subject of the FAC originated from Defendants. Even if the messages that are the subject of the FAC originated from Defendants, the recipients of those messages agreed to arbitrate any and all disputes and waived all rights to commence or participate in a class action. For these reasons, the Court lacks personal jurisdiction over Defendants. Defendants deny the remainder of the

allegations in Paragraph 12.

## PARTIES

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's FAC and on that basis deny those allegations.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's FAC and on that basis deny those allegations.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's FAC and on that basis deny those allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's FAC and on that basis deny those allegations.

17. Admitted.
18. Admitted.
19. Admitted.
20. Admitted.
21. Admitted.

## FACTUAL BACKGROUND

22. Paragraph 22 of Plaintiff's FAC is a statement to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

23. Paragraph 23 of Plaintiff's FAC is a statement to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

24. Paragraph 24 of Plaintiff's FAC is a statement to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

25. Paragraph 25 of Plaintiff's FAC is a statement to which no response is

necessary. To the extent a response is required, Defendants deny the allegations.

26.  Paragraph 26 of Plaintiff's FAC is a statement to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

27.  Paragraph 27 of Plaintiff's FAC is a statement to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

28.  Paragraph 28 of Plaintiff's FAC is a statement to which no response is necessary. Paragraph 28 of Plaintiff's FAC also contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

29.  Paragraph 29 of Plaintiff's FAC is a statement to which no response is necessary. Paragraph 29 of the FAC also characterizes a Declaratory Ruling of the Federal Communications Commission that speaks for itself and does not require a response. To the extent a response is required, Defendants deny the allegations.

30.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's FAC and on that basis deny those allegations.

31.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's FAC and on that basis deny those allegations.

32.  Defendants admit that the image in Paragraph 31 appears to include the link http://po.st.qshNON. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that this link was part of a text message or that any text message was transmitted by Defendants, and on that basis deny those allegations.

33.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's FAC and on that basis deny those allegations.

Case 2:15-cv-07220-WHW-CLW   Document 45   Filed 08/15/16   Page 6 of 12 PageID: 255

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiff's FAC and on that basis deny those allegations.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiff's FAC and on that basis deny those allegations.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiff's FAC and on that basis deny those allegations.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiff's FAC and on that basis deny those allegations.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of Plaintiff's FAC and on that basis deny those allegations.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Plaintiff's FAC and on that basis deny those allegations.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of Plaintiff's FAC and on that basis deny those allegations.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of Plaintiff's FAC and on that basis deny those allegations.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiff's FAC and on that basis deny those allegations.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiff's FAC and on that basis deny those allegations.

## CLASS ALLEGATIONS

44. With respect to the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff purports to define a class as stated therein, but deny that this definition is appropriate, deny that any class action would be proper, and otherwise deny the remaining allegations of this paragraph.

45. Paragraph 45 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny that a class action would be proper in this case. Defendants are without knowledge or information sufficient to form a belief as to the number of members in Plaintiff's purported classes and on that basis deny those allegations. Defendants deny the remainder of the allegations in Paragraph 45.

46. Paragraph 46 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny that a class action would be proper in this case. Defendants are without knowledge or information sufficient to form a belief as to the questions of law or fact that may affect the putative class members, and on that basis deny those allegations. Defendants deny the remainder of the allegations in Paragraph 46.

47. Paragraph 47 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny that a class action would be proper in this case. Defendants are without knowledge or information sufficient to form a belief as to the questions of law or fact that may affect the putative class members, and on that basis deny those allegations. Defendants deny the remainder of the allegations in Paragraph 47.

48. Paragraph 48 of Plaintiff's FAC contains a legal conclusion, which does

not require a response. To the extent a response is required, Defendants deny that a class action would be proper in this case. Defendants are without knowledge or information sufficient to form a belief as to the typicality of claims among Plaintiff and putative class members, and on that basis deny those allegations. Defendants deny the remainder of the allegations in Paragraph 48.

49. Paragraph 49 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny that a class action would be proper in this case. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's adequacy as class representative or Plaintiff's counsel's adequacy as class counsel, and on that basis deny those allegations. Defendants deny the remainder of the allegations in Paragraph 49.

50. Paragraph 50 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny that a class action would be proper in this case. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations and on that basis deny those allegations. Defendants deny the remainder of the allegations in Paragraph 50.

51. Paragraph 51 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny that a class action would be proper in this case. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations and on that basis deny those allegations. Defendants deny the remainder of the allegations in Paragraph 51.

## INJUNCTION

52. Paragraph 52 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants are without

knowledge or information sufficient to form a belief as to Plaintiff's allegations and on that basis deny those allegations.

53. Paragraph 53 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations and on that basis deny those allegations.

54. Paragraph 54 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations and on that basis deny those allegations.

55. Paragraph 55 of Plaintiff's FAC contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations and on that basis deny those allegations.

## CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA 47 U.S.C. § 227
### (On Behalf of the Class)
### (As To All Defendants)

56. Paragraph 56 is a reincorporation, and no response is required.

57. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations and on that basis deny those allegations.

58. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations and on that basis deny those allegations.

59. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations and on that basis deny those allegations.

60. Paragraph 60 of Plaintiff's Amended Complaint contains a legal

conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

61. Paragraph 61 of Plaintiff's Amended Complaint contains a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

## JURY DEMAND

Paragraph 62 of Plaintiff's Amended Complaint is a statement to which no response is necessary. To the extent a response is required, Defendants deny that a jury trial is appropriate in this case.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Amended Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendants deny that the Court has subject matter jurisdiction, including but not limited to because there is no case or controversy, Plaintiff has no standing, and Plaintiff suffered no injury under *Spokeo v. Robins*, 136 S.Ct. 1540 (2016).

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and/or some or all of the alleged putative class consented to receiving the type of text messages that are the subject of the FAC.

## FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or some or all of the alleged putative class members are subject to agreements to arbitrate and agreements not to participate in class actions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and the purported class members (collectively "Plaintiffs") waived their claims. Plaintiffs opted in or otherwise provided consent to receive the alleged text messages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel. Plaintiffs opted in or otherwise provided consent to receive the alleged text messages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the purported class members have failed to mitigate their damages as required by law.

## EIGHTH AFFIRMATIVE DEFENSE

The damages alleged in the Amended Complaint, if any, may have been caused by one or more third parties whose activities were not approved, ratified, or controlled by Defendants.

## NINTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

Defendants are not liable for the damages alleged by Plaintiff and many of the purported class members because those damages were caused by intervening or superseding actions of Plaintiff and/or the purported class members.

## RESERVATION OF RIGHTS

Defendants expressly and specifically reserve the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, fact and circumstances which may or will be developed through discovery or further legal analysis of Plaintiff's and the putative class's claims and Defendant's position in this litigation.

## **PRAYER FOR RELIEF**

Accordingly, Defendants Zeta Interactive Corporation and Spire Vision LLC pray for the following relief:

    (a) Dismissal of the FAC with prejudice; and

    (b) Attorney's fees and costs, as allowed by law.

Dated: August 15, 2016        **GORDON & REES LLP**

                                      */s/ Peter Siachos*
                                Peter G. Siachos
                                18 Columbia Turnpike, Ste. 220
                                Florham Park, NJ  07932
                                Telephone:  (973) 549-2532
                                Facsimile:   (973) 377-1911
                                *psiachos@gordonrees.com*