NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

NORMA VAZQUEZ, individually and on behalf of others similarly situated,

      Plaintiff,

v.

TRIAD MEDIA SOLUTIONS, INC., a New Jersey Corporation; ZETA INTERACTIVE CORPORATION, a Delaware Corporation, and SPIRE VISION LLC, a Delaware Corporation,

      Defendants.

**OPINION**

Civ. No. 15-cv-07220 (WHW)(CLW)

---

**Walls, Senior District Judge**

  Plaintiff Norma Vazquez moves to strike several affirmative defenses asserted by Defendant TriAd Media Solutions in its answer to her amended class action complaint charging Defendant with sending unsolicited commercial text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is denied.

### FACTUAL AND PROCEDURAL HISTORY

  The facts of this case are more fully set out in the Court's opinion addressing Plaintiff's motion to strike Defendant's affirmative defenses to Plaintiff's initial complaint. ECF No. 18. In brief, Plaintiff Norma Vazquez, an individual domiciled in Braselton, Georgia, alleges that on or about June 7, 2015, three defendants, including TriAd Media Solutions, Inc. ("Triad"), a corporation organized and existing under the laws of the state of New Jersey with its principal place of business in Hoboken, New Jersey, sent an unsolicited text message to her wireless

1

phone "promoting a drawing for a scholarship." ECF No. 34 ¶ 31 (including image of the message). Plaintiff did not consent in writing to receive this message. *Id.* ¶ 30. Defendants sent this same, or substantially the same, text message to thousands of phone numbers generated by an automatic dialing system. *Id.* ¶¶ 41-42.

On September 30, 2015, Plaintiff Vazquez brought an action against Triad for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff asserts claims on behalf of herself and a class of "[a]ll individuals in the United States whose wireless telephones [Triad], or someone on its behalf, sent a non-emergency, unsolicited text message through the use of an automatic dialing system, at any time within the four years prior" to the filing of the complaint (the "class"). ECF No. 1 ¶ 34. On November 24, 2015, Defendant Triad filed an answer and affirmative defenses to the complaint. Answer and Affirmative Defenses, ECF No. 9. On December 15, 2015, Plaintiff filed a motion under Fed. R. Civ. P. 12(f) to strike several of these affirmative defenses. ECF No. 13. This Court granted in part and denied in part Plaintiff's motion. ECF No. 18.

On June 27, 2016, Plaintiff filed an amended complaint in order to add defendants Zeta Interactive Corporation, and Spire Vision LLC, ECF No. 34. Triad answered the First Amended Complaint on August 10, 2016. ECF No. 43. On September 6, 2016, Plaintiff filed a motion under Fed. R. Civ. P. 12(f) to strike several of the affirmative defenses asserted by Triad in its answer. ECF No. 51. Plaintiff now argues that two of Triad's affirmative defenses – the Sixth and the Eighth – must be stricken. *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). The court may do so "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). Whether to strike a defense under Rule 12(f) is at the discretion of the court. *Newborn Bros. Co., Inc. v. Albion Engineering Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014) (citations omitted).

"A Rule 12(f) motion is not meant to determine unclear or disputed questions of law." *Fed. Dep. Ins. Co. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994). Although "motions to strike serve a useful purpose by eliminating defenses and saving the time and expense which would otherwise be spent litigating issues which would not affect the outcome of the case," *id*. at 93 (quoting *United States v. Kramer*, 757 F. Supp. 397, 410 (D.N.J. 1991)), the court "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Id*. (quoting *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). Generally, motions to strike will be "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (quoting *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. sup. 200, 217 (D.N.J. 1993)); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1381 (3d ed. 2015) ("Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character."). Simply demonstrating that a challenged defense is "redundant, immaterial, impertinent, or scandalous" is insufficient; the moving party must also show that "the presence of surplusage will prejudice the adverse party." *Newborn Bros*, 299 F.R.D. at 94 (quoting *Hope Now*, 2011 WL 883202, at *1); *see also* Wright & Miller,

§ 1381 ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").

While the Third Circuit has not definitively addressed the issue, district courts within the Third Circuit have held that the heightened *Iqbal/Twombly* requirement that a pleading "state a claim . . . that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), does not apply to the pleading of affirmative defenses under Fed. R. Civ. P. 8(c). See *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015); *Newborn Bros*, 299 F.R.D. at 97 (citing *Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011); *Signature Bank v. Check-X-Change, LLC*, 2013 WL 3286514, at *5 (D.N.J. June 27, 2013); *Hope Now*, 2011 WL 883202, at *3). Instead, a defendant asserting a Rule 8(c) affirmative defense "must merely provide fair notice of the issue involved." *Tyco Fire Products*, 777 F. Supp. 2d at 900.

## DISCUSSION

### I.   The Sixth Affirmative Defense

Plaintiff moves to strike Triad's Sixth Affirmative Defense as legally insufficient and irrelevant. ECF No. 51-1 at 2. As discussed, motions to strike a defense as insufficient "are not favored by the federal courts because of their somewhat dilatory and often harassing character," Wright & Miller § 1381, but courts will grant a motion to strike "when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 146 (E.D. Pa. 2011) (quoting *Fed. Deposit Ins. Corp. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994)).

Plaintiff argues that Defendant Triad's affirmative defense that Plaintiff did not suffer actual damages or only suffered *de minimus* harm should be stricken because Plaintiff need not prove

actual damages to assert a TCPA claim. ECF No. 51-1 at 2. To support this argument, Plaintiff cites the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), which instructs that when the violation of a procedural right granted by statute is sufficient to constitute an injury in fact, a plaintiff "need not allege any *additional harm* beyond the one Congress has identified." *Id.* at 1549 (emphasis in original). But this language alone does not resolve the issue in Plaintiff's favor. *Spokeo* also advises that a plaintiff does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* The Third Circuit has emphasized this central tenant of *Spokeo*, *Bock v. Pressler & Pressler, LLP*, No. 15-1056, 2016 WL 4011150, at *1 (3d Cir. July 27, 2016) ("In determining whether there is a concrete injury, the presentation of an alleged statutory violation is not always sufficient."), and it has yet to apply *Spokeo* to a TCPA case.

"A Rule 12(f) motion is not meant to determine unclear or disputed questions of law." *Modular Homes*, 859 F. Supp. at 120. Plaintiff cites district court cases decided before *Spokeo*, holding that a plaintiff need not allege any actual damages in a TCPA action, ECF No. 51-1 at 2, but cites no precedent in the Third Circuit that establishes that actual damages are unnecessary as a matter of law in TCPA cases.[1] Because the "insufficiency of the defense is not clearly apparent," *Kramer*, 757 F. Supp. at 410, and Plaintiff's motion "requires this court to determine an unclear question of law in the absence of binding circuit precedent," *Dann*, 274 F.R.D. at 144,

---

[1] Relying on *Spokeo*, some district courts have found that a TCPA violation itself does not constitute an actual injury for the purposes of standing. *See, e.g., Romero v. Dep't Stores Nat'l Bank*, No. 15-CV-193-CAB-MDD, 2016 WL 4184099, at *5 (S.D. Cal. Aug. 5, 2016) ("Congress's finding that the proliferation of unwanted calls from telemarketers causes harm does not mean that the receipt of one telephone call that was dialed using an ATDS results in concrete harm"); *Smith v. Aitima Med. Equip., Inc.*, No. EDCV1600339ABDTBX, 2016 WL 4618780, at *4 (C.D. Cal. July 29, 2016) (finding that "Plaintiff's de minimus injury is not sufficient to confer standing.").

the Court denies Plaintiff's request to strike the Sixth Affirmative Defense on the ground of legal insufficiency.

## II. The Eighth Affirmative Defense

Plaintiff claims that Defendant's eighth affirmative defense, alleging that Plaintiff has failed to name all necessary and indispensable parties to the action, must be stricken because it fails to give "fair notice" of the defense. Pl's Mot. Strike, ECF No. 51-1 at 3. A defendant may satisfy the fair notice requirement by "including a short and plain statement of the grounds for asserting an affirmative defense that demonstrates a logical relationship to the lawsuit or refer to general facts elsewhere in any parties' pleadings. *Mifflinburg Tel.*, 80 F. Supp. 3d at 574. (citing 5C Wright & Miller, § 1382 (3d ed.)). An affirmative defense "need not rise to the level of plausibility, but allegations must exist somewhere in the pleadings such that parties and the court may draw a logical inference from the asserted defenses to the events underlying litigation" *Id.* (citing 5C Wright & Miller, § 1382 (3d ed.)).

Plaintiff argues that Triad's affirmative defense fails to meet this low standard because it makes "no attempt to state which, if any, necessary and indispensable parties Plaintiff has failed to name" or even allege any facts "suggesting that Plaintiff has failed to name necessary and indispensable parties." ECF No. 51-1 at 4. Defendant responds that the case inherently places the issue of who sent the allegedly unlawful text message at issue and that its answer provides fair notice because it "denies each allegation that [Triad] sent the text messages at issue or that it authorized the sending of the text messages." Def.'s Mot. Opp Pl's Mot. Strike, ECF No. 55 at 6–7. Defendant further stresses that discovery is ongoing and at least one outstanding non-party subpoena remains. *Id.* at 7.

Because Plaintiff may draw a logical inference from the asserted defense to Defendant's claim that another, potentially-unnamed party is responsible for the allegedly illegal text message, the nature of the defense is clear. See *Malibu Media, LLC v. Does 1*, No. CIV.A. 12-2078, 2013 WL 1702549, at *3 (E.D. Pa. Mar. 6, 2013) ("The requisite notice is provided where the affirmative defense in question alerts the adversary to the existence of the issue for trial.") (quoting *Tyco Fire Products.*, 777 F. Supp. 2d at 901 (internal quotation marks omitted)). Additionally, Triad could have a viable defense for failure to name all necessary parties depending on the outcome of outstanding discovery. Notably, two defendants were added as recently as June 27, 2016 when Plaintiff filed her amended complaint. It follows that Plaintiff will suffer no prejudice by allowing this defense to stand at this stage of the proceedings.

## CONCLUSION

Plaintiff's motion to strike Defendant Triad's Sixth and Eighth affirmative defenses is denied. An appropriate order follows.

DATE: 18 October 2016

William H. Walls
Senior United States District Court Judge