NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA VAZQUEZ, individually and on behalf of others similarly situated, | :<br>:<br>: |
| Plaintiff, | : **OPINION**<br>:<br>: |
| v. | :<br>: Civ. No. 15-cv-07220 (WHW)(CLW) |
| TRIAD MEDIA SOLUTIONS, INC., a New Jersey Corporation; ZETA INTERACTIVE CORPORATION, a Delaware Corporation, and SPIRE VISION LLC, a Delaware Corporation, | :<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

**Walls, Senior District Judge**

Plaintiff Norma Vazquez moves to strike several affirmative defenses asserted by Defendants Zeta Interactive Corporation and Spire Vision LLC in their answer to her amended class action complaint charging Defendants with sending unsolicited commercial text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted in part and denied in part.

### FACTUAL AND PROCEDURAL HISTORY

The facts of this case are more fully set out in the Court's opinion addressing Plaintiff's motion to strike Defendant TriAd Media Solutions, Inc's affirmative defenses to Plaintiff's initial complaint. ECF No. 18. In brief, Plaintiff Norma Vazquez, an individual domiciled in Braselton, Georgia, alleges that on or about June 7, 2015, three Defendant marketing companies, TriAd Media Solutions, Inc. (Triad), Zeta Interactive Corporation (Zeta), and Spire Vision LLC (Spire), sent an unsolicited text message to her wireless phone "promoting a drawing for a

1

scholarship." ECF. No. 34 ¶ 31 (including image of the message). Plaintiff did not consent in writing to receive this message. *Id.* ¶ 30. Defendants sent this same, or substantially the same, text message to thousands of phone numbers generated by an automatic dialing system. *Id.* ¶¶ 41–42.

On September 30, 2015, Plaintiff Vazquez brought an action against Triad on behalf of herself and a class of "[a]ll individuals in the United States whose wireless telephones [Triad], or someone on its behalf, sent a non-emergency, unsolicited text message through the use of an automatic dialing system, at any time within the four years prior" to the filing of the complaint (the "class"). ECF No. 1 ¶ 34. Plaintiff amended the complaint to add Defendants Zeta and Spire on June 27, 2016. ECF No. 34. Plaintiff alleges that Triad, Spire, and Zeta violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by sending unsolicited, non-emergency commercial text messages through the use of an automatic dialing system without receiving prior express written consent from recipients. *Id.* ¶¶ 56–61. Plaintiff seeks, on behalf of herself and the class, monetary and injunctive relief and an award of reasonable attorney's fees. *Id.* ¶¶ 60–61.

On August 15, 2016, Defendants Zeta and Spire filed an answer and affirmative defenses to Plaintiff's first amended complaint. Answer and Affirmative Defenses, ECF No. 45. On September 6, 2016, Plaintiff filed a motion under Fed. R. Civ. P. 12(f) to strike several of these affirmative defenses. ECF No. 52. Plaintiff now argues that one of Zeta and Spire's affirmative defenses – the Ninth – must be stricken along with their reservation of the right to add affirmative defenses to their answer. *Id.* Defendants Zeta and Spire filed an amended answer on

September 26, 2016, but this answer did not address the content Plaintiff challenges. Am. Answer, ECF No. 61.[1]

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may do so "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). Whether to strike a defense under Rule 12(f) is at the discretion of the court. *Newborn Bros. Co., Inc. v. Albion Engineering Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014) (citations omitted).

"A Rule 12(f) motion is not meant to determine unclear or disputed questions of law." *Fed. Dep. Ins. Co. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994). Although "motions to strike serve a useful purpose by eliminating defenses and saving the time and expense which would otherwise be spent litigating issues which would not affect the outcome of the case," *id.* at 93 (quoting *United States v. Kramer*, 757 F. Supp. 397, 410 (D.N.J. 1991)), the court "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Id.* (quoting *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). Generally, motions to strike will be "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (quoting

---

[1] The Court will consider Plaintiff's motion as being addressed to Defendants' amended answer. *See* Sun Co. (R & M) v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 367 n.3 (E.D. Pa. 1996) (considering an initial motion to dismiss germane to an amended complaint that failed to cure "a majority of the deficiencies alleged"); *see also* 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1476 (3d ed.) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance).

3

*Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. sup. 200, 217 (D.N.J. 1993)); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1381 (3d ed. 2015) ("Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character."). Simply demonstrating that a challenged defense is "redundant, immaterial, impertinent, or scandalous" is insufficient; the moving party must also show that "the presence of surplusage will prejudice the adverse party." *Newborn Bros*, 299 F.R.D. at 94 (quoting *Hope Now*, 2011 WL 883202, at *1); *see also* Wright & Miller, § 1381 ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").

While the Third Circuit has not definitively addressed the issue, district courts within the Third Circuit have held that the heightened *Iqbal/Twombly* requirement that a pleading "state a claim . . . that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), does not apply to the pleading of affirmative defenses under Fed. R. Civ. P. 8(c). *See Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015); *Newborn Bros*, 299 F.R.D. at 97 (citing *Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011); *Signature Bank v. Check-X-Change, LLC*, 2013 WL 3286514, at *5 (D.N.J. June 27, 2013); *Hope Now*, 2011 WL 883202, at *3). Instead, a defendant asserting a Rule 8(c) affirmative defense "must merely provide fair notice of the issue involved." *Tyco Fire Products*, 777 F. Supp. 2d at 900.

## DISCUSSION

### I. The Ninth Affirmative Defense

Plaintiff moves to strike Defendants' Ninth Affirmative Defense for failure to provide fair notice. ECF No. 52 at 2–3. Defendants' Ninth Affirmative Defense reads: "This action may not

be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure." ECF. No. 61 at 11. As previously stated, affirmative defenses should not be stricken unless no facts which can be inferred from the pleadings exist to support them, but courts *can* strike "bare bones conclusory allegations." See *Mifflinburg Tel.*, 80 F. Supp. 3d at 573 (quoting *Dann*, 274 F.R.D. at 145–45); *But see Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489–90 (S.D.N.Y. 2008) ("[A] motion to strike boilerplate affirmative defenses . . . wastes the client's money and the court's time."). Plaintiff argues that Defendants' Ninth Affirmative Defense should be stricken because it is so bare bones and conclusory as to be prejudicial. The Court disagrees.

Defendants must plead affirmative defenses to prevent surprise and undue prejudice to the plaintiff. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). A successfully pled affirmative defense "provid[es] the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Id.* Even affirmative defenses that are conclusory and boilerplate can survive as long as they bear a logical relationship to the litigation such that plaintiffs have sufficient notice to dispute them. See *United States v. Consolidation Coal Co.*, Civ. No. 89–2124, 1991 WL 333694, at *4 (W.D.Pa. Jul.5, 1991) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiffs fair notice of the nature of the defense."); *See also Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 133 (E.D.N.Y. 2015) ("Choice Hotels' first five affirmative defenses, which are essentially boilerplate, do give Plaintiff fair notice of the nature of the defenses . . ."); *cf. Mifflinburg Tel.*, 80 F. Supp. 3d at 574 ("In her Answer, Defendant Wolfe simply lists many of the eighteen affirmative defenses listed in Rule 8(c)(1), along with numerous other defenses seemingly unrelated to this litigation. She does not elaborate

on these defenses or in any way indicate how they may be logically related to the claims against her.").

Plaintiff claims that Defendants' Ninth Affirmative Defense fails to provide notice because it gives "*no notice* as to *what* elements or provisions of Rule 23 Plaintiff will need to address." Pl's Reply Br., ECF No. 59 at 2 (emphasis in original). This argument is unconvincing. First, Defendants' answer specifically responds to each class action allegation that Plaintiff asserts in the First Amended Complaint, alerting Plaintiff that Defendants contest the specific elements of Rule 23. ECF No. ¶¶ 44–51. Second, the nature of class action lawsuits necessitates that Plaintiff proves each requirement of Fed. R. Civ. P. 23 to maintain a class action, *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013). This necessity undermines the argument that Plaintiffs have no notice of the relevant provisions of the Rule. Finally, unlike the cases Plaintiff references, where courts struck general affirmative defenses because they failed to identify a specific applicable statute,[2] here there is no question which rule Defendants assert in their defense. The Court denies Plaintiff's request to strike Defendants' Ninth Affirmative Defense for failure to provide adequate notice.

## II.  Defendants' Reservation of Rights

Defendants "expressly and specifically" reserve the right to amend and/or supplement their Answer and Affirmative Defenses. ECF No. 61 at 11–12. Plaintiff correctly claims that Fed. R. Civ. P. 8 does not allow a general reservation of affirmative defenses. A "general reservation," like the one here, "does not actually assert a defense. Instead, it merely indicates a

---

[2] *United States v. Sensient Colors, Inc.*, 580 F. Supp. 2d 369, 378 (D.N.J. 2008) (striking an affirmative defense that failed to specify which statute of repose defendant intended to rely on); *Huertas*, 2009 WL 21232429, at *3 (D.N.J. July 13, 2009) (striking affirmative defenses of laches and statutes of limitations to identify which claims are barred by these defenses and which statute of limitations applies); Trustees of Local 464A United Food & Commercial Workers Union Pension Fund v. Wachovia Bank, N.A., No. CIV.09-668 (WJM), 2009 WL 4138516, at *6 (D.N.J. Nov. 24, 2009) (affirmative defense "sufficiently vague as to warrant striking" when defendants only stated that they had complied with "all disclosure requirements under all applicable laws").

6

defendant's possible intention to assert a defense in the future. As such, it injects only ambiguity into the pleadings and therefore violates Rule 8's notice requirement." *Sensient Colors*, 580 F. Supp. 2d at 389 (citations omitted).

According to Defendants, the "reservation is not labeled or intended to be an affirmative defense." ECF No. 56 at 7. Instead, the reservation "simply puts Plaintiff on notice that Defendants have not waived their right to seek leave of the Court to amend the Answer . . ." *Id*. To the extent that Defendant's reservation can be read as an attempt to secure the right to assert additional affirmative defenses *without* leave of the Court, the Court strikes it. Otherwise, Defendant may follow the procedure provided in Fed. R. Civ. P. 15 to seek leave of the Court to amend or supplement its pleadings.

## CONCLUSION

Plaintiff's motion to strike Defendants' Ninth Affirmative Defense and reservation of right to supplement and/ or amend their answer is granted in part and denied in part. The Court finds that Defendants' Ninth Affirmative Defense provides adequate notice, but strikes Defendant's reservation of any automatic right to assert additional affirmative defenses. An appropriate order follows.

DATE: 4 October 2016

William H. Walls
Senior United States District Court Judge