# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA VAZQUEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TRIAD MEDIA SOLUTIONS, INC. a New Jersey Corporation, et al.,<br><br>    Defendants. | No.: 15-7220 (WHW) (CLW)<br><br>Assigned to Hon. William H. Walls |

## REPLY IN SUPPORT OF DEFENDANTS ZETA INTERACTIVE CORP. AND SPIRE VISION LLC'S MOTION TO COMPEL AND FOR SANCTIONS

Gordon & Rees LLP
Peter G. Siachos
18 Columbia Turnpike, Ste. 220
Florham, NJ 07932
Telephone:   (973) 549-2532
Facsimile:   (973) 377-1911
*psiachos@gordonrees.com*

Counsel for Defendants
Zeta Interactive Corp. and
Spire Vision, LLC

[Additional counsel on signature page]

i

# TABLE OF CONTENTS

Introduction ........................................................................................................1

Background ........................................................................................................1

Argument............................................................................................................2

    A.    This Court Should Award Defendants Attorney's Fees and Costs for Plaintiff's Failure to Appear for Her Deposition...................2

        1.    There Was No Substantial Justification for Plaintiff's Failure to Appear at Her Deposition...........................................3

        2.    Defendants' Costs and Fees Are Reasonable ............................3

    B.    Plaintiff Has Failed to Prosecute This Case..........................................6

        1.    Plaintiff and Her Attorney Are Responsible for Postponing the Deposition ........................................................6

        2.    Plaintiff's Conduct Has Prejudiced Defendants ........................7

        3.    Plaintiff Does Have a History of Dilatoriness ...........................7

        4.    Plaintiff Has Been Willful in Her Actions.................................8

        5.    Alternative Sanctions Will Not Be Effective.............................9

        6.    Plaintiff's Claim is Not Meritorious ..........................................9

    C.    Defendants Should Also Receive Attorney Fees Expended in Briefing This Issue for The Court .....................................................10

    D.    This Court Can Order Plaintiff's Deposition in New York ................12

Conclusion .......................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Forauer v. Vermont Country Store, Inc.*,
 No. 5:12-cv-276, 2014 WL 2612044 (D. Vt. June 11, 2014) ..............................13

*Interfaith Cmty. Org. v. Honeywell Intern., Inc.*,
 426 F.3d 694 (3d Cir. 2005) ...............................................................................10

*Lanni v. New Jersey*,
 259 F.3d 146 (3d Cir. 2001) ...............................................................................11

*Loughner v. Univ. of Pittsburgh*,
 260 F.3d 173 (3d Cir. 2001) ...............................................................................11

*Luther v. Kia Motors America, Inc.*,
 Civil Action No. 08-386, 2009 WL 1727909 (W.D. Pa. June 18, 2009).............12

*Planned Parenthood of Central New Jersey v. Attorney General of State of New Jersey*, 297 F.3d 253 (3d Cir. 2002)......................................................................5

*Roberson v. Perez*,
 123 Wash. App. 320, 96 P.3d 420 (Wash. Ct. App. Div. 3 2004) ........................5

*Rode v. Dellarciprete*,
 892 F.2d 1177 (3d Cir. 1990) .............................................................................11

*South Seas Catamaran, Inc. v. Motor Vessel Leeway*,
 120 F.R.D. 17 (D.N.J. 1988) ..............................................................................13

*Washington v. Philadelphia County Court*,
 89 F.3d 1031 (3d Cir. 1996) ...............................................................................10

*Watchel v. Health Net, Inc.*,
 2007 WL 1791553 (D.N.J. Jun. 19, 2007) .........................................................10

**Rules**

Fed. R. Civ. P. 26 ..................................................................................................... 13

Fed. R. Civ. P. 30 ..................................................................................................... 12

Fed. R. Civ. P. 37 .................................................................................................. 2, 10

# INTRODUCTION

The real reason for Plaintiff's failure to appear at her deposition is made clear in her Opposition: her counsel was eager for a settlement in a case where he had done little to no work, and despite being told by Defense counsel that Defendants would not push back Plaintiff's deposition while discussing settlement, he made the ill-advised decision to tell Plaintiff not to confirm her travel plans because settlement discussions were ongoing. This delay, combined with childcare difficulties, caused Plaintiff to miss her deposition. Plaintiff now refuses to put forth alternate dates, claiming that there is a discovery dispute about the location of the deposition. Nonetheless, nothing prevents Plaintiff from making a good faith offer of dates in the location of her choosing, yet she has not done so. This is another example of Plaintiff's recalcitrance to move this case forward on the schedule ordered by this Court, and she should not be rewarded for it. Defendants' costs and fees are reasonable, and Plaintiff should reimburse Defendants for them. Alternately, this Court should dismiss this matter entirely.

# BACKGROUND

Plaintiff's factual recitation illuminates an important fact regarding Plaintiff's failure to appear at her deposition. Plaintiff's Opposition to Defendants Zeta and Spire's Motion to Compel and For Sanctions ("Pl. Opp.") at 4. For the first-time, Plaintiff asserts that it was her counsel who advised her to hold off in finalizing her travel arrangements because he "believed that the parties were nearing a settlement." Pl. Opp. at 4. This was clearly an unrealistic belief on the part of Plaintiff's counsel, as the e-mail evidence indicates. When approached with the

1

idea of postponing the deposition, Defense counsel stated, "I am doubtful [Zeta and Spire] will agree to postpone your client's deposition, given that your offer is so far outside their expectations." Exhibit G to Declaration of Joseph J. Siprut ("Siprut Decl."). For Plaintiff's counsel to take this information and translate it as the parties were "nearing a settlement" such that Plaintiff should not finalize her travel arrangements for her deposition was willful blindness on the part of Plaintiff's counsel, and does not excuse Plaintiff's failure to appear at her deposition. While childcare difficulties may have intervened at the proverbial eleventh hour, it is clear from Plaintiff's brief and from Plaintiff's counsel's declaration that the drive to delay or defer Plaintiff's deposition entirely came from a gross misunderstanding by Plaintiff's counsel of the status of settlement negotiations.

## ARGUMENT

### A. This Court Should Award Defendants Attorney's Fees and Costs for Plaintiff's Failure to Appear for Her Deposition

Federal Rule of Civil Procedure 37(d) provides that if a party fails to attend its own deposition, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). There was no substantial justification for Plaintiff's failure to appear, and it is just to award expenses and fees to Defendants.

1. There Was No Substantial Justification for Plaintiff's Failure to Appear at Her Deposition

Plaintiff's failure to appear at her deposition boils down to one thing: her attorney thought the case was going to settle before her deposition, and he failed to properly prepare his client for the possibility that it would not. As a result, she did not finalize travel and child care arrangements in time, and when her child care provider was not able to care for her children, she did not appear at her deposition. *See* Pl. Opp. at 3–4 and Siprut Decl. ¶ 23. Despite being told that Defendants would not postpone the deposition and likely would not seriously entertain Plaintiff's meager settlement offer, Plaintiff's attorney unreasonably told her not to finalize travel arrangements because the case might settle. There was no "substantial justification" for him doing so, and his wishful thinking does not excuse Plaintiff's failure to appear at her deposition.

2. Defendants' Costs and Fees Are Reasonable

   a. Defendants' Costs Are Reasonable

Defense counsel's travel and hotel costs are reasonable. Defense counsel is entitled to fly in the manner which he normally flies and to stay at a hotel he has used before for business travel, and Plaintiff cannot now second guess these decisions when she is on the hook for these charges because of her failure to appear at her own deposition. Plaintiff finds fault with Mr. Du Wors' stay at his hotel for two nights after he learned of Plaintiff's cancellation. However, Mr. Du Wors would have incurred a penalty on his airfare had he departed Newark

3

earlier than his scheduled departure. Declaration of John Du Wors in Support of Reply to Defendants Zeta Interactive Corp. and Spire Vision LLC's Motion to Compel and For Sanctions ("Du Wors Reply Decl.") ¶ 4. Plaintiff also faults Mr. Du Wors for staying in New York, instead of New Jersey. Both Zeta and Spire are headquartered in New York. Mr. Du Wors stayed in New York to meet with the Defendants and adequately prepare for Plaintiff's deposition. Du Wors Reply Decl. ¶ 5

b. Defendants' Fees Are Reasonable

Defense counsel's fees are reasonable as well.[1] First, Mr. Du Wors extensive litigation experience, particularly with TCPA class actions, makes his hourly rate reasonable. Du Wors Reply Decl. ¶ 3. Second, the hours expended are reasonable as well. Ten hours of travel time on March 8 and March 11 is reasonable, given modern air travel. The flight from San Francisco to Newark was five hours of travel time in the air. Du Wors Reply Decl. ¶ 6. Travel to and from each airport and time in the airport going through security and boarding accounts for the remaining five hours. *Id.* Likewise, the flight from Newark to Seattle was 6.5 hours of travel time in the air. Du Wors Reply Decl. ¶ 7. Travel to and from each airport and time in the airport accounts for the remaining 4.5 hours. *Id.*

Moreover, in the Third Circuit, to determine the rate at which attorneys may be compensated for their travel time, a court must look to the practice in the local

---

[1] As Mr. Du Wors states in the Declaration which supports this Reply Brief, his hourly rate for work on behalf of Zeta and Spire is $395 per hour, not $450 an hour as previously stated. Du Wors Reply Decl. ¶ 9.

4

community. *Planned Parenthood of Central New Jersey v. Attorney General of State of New Jersey*, 297 F.3d 253, 267 (3d Cir. 2002) (out of state attorney compensated for travel time according to practice of his home community). Mr. Du Wors is an attorney based in Washington State, and attorneys in Washington are generally compensated for their travel time. *See Roberson v. Perez*, 123 Wash. App. 320, 346, 96 P.3d 420 (Wash. Ct. App. Div. 3 2004) (adopting rationale that travel time may be awarded when fees are awarded as a sanction).

    Third, the hours expended for deposition preparation and anticipated preparation and attendance are reasonable also. Mr. Du Wors stayed in New York City to meet with Defendants to prepare for Plaintiff's deposition. Client time was necessary to be fully prepared for a Plaintiff who has essentially not participated in the discovery process. Du Wors Reply Decl. ¶ 5. Moreover, Plaintiff's argument that deposition preparation time was not "wasted" time when the deposition will still take place later (Pl. Opp. at 14) is mooted by the fact that Plaintiff has not offered up any dates in any locations for her deposition. At this point in time, Mr. Du Wors deposition preparation time has been "wasted" because Plaintiff's deposition has not been rescheduled. And finally, ten hours of planned deposition time on March 10, 2017 is eminently reasonable. Seven hours are allotted for a deposition under the Federal Rules. *See* Fed. R. Civ. P. 30(d)(1). With time for travel to and from the deposition site, and time for lunch and other breaks, a ten-hour day for a deposition is the norm, rather than the exception. Under Plaintiff's view of the world, if a party fails to appear for a deposition, an attorney could

5

never be compensated for the lost time. *See* Pl. Opp. at 15. Mr. Du Wors lost time on the day before and the day of the deposition because he had to clear his calendar those two days to prepare for and conduct Plaintiff's planned deposition, and he should be compensated for that lost time. Du Wors Reply Decl. ¶ 8.

**B.     Plaintiff Has Failed to Prosecute This Case**

Plaintiff's failure to prosecute this case should result in dismissal under either Federal Rule 41(b) or 37(b) and the six *Poulis* factors all point towards dismissal.

1.     <u>Plaintiff and Her Attorney Are Responsible for Postponing the Deposition</u>

While there may have been a genuine child care issue, Plaintiff's brief and her attorney's declaration makes clear this situation was entirely of the attorney's making. Plaintiff's counsel advised her not to "confirm" her travel arrangements because settlement discussions were ongoing. Siprut Decl. ¶ 23. When the settlement discussions fell through, he then instructed her to "confirm" her travel, but by then Plaintiff's counsel had delayed too long and Plaintiff's child care provider was apparently unable to help her on such late notice. Essentially, Plaintiff's attorney thought things were going to settle and he failed to properly prepare his client for the possibility they would not. Given the nature of his communications with Defense counsel—who told him that Defendants would not agree to a postponement of the deposition and that his offer would likely not be considered by Defendants—it was not reasonable for Plaintiff's counsel to so advise his client, and his poor advice is the reason for her failure to appear.

6

2. <u>Plaintiff's Conduct Has Prejudiced Defendants</u>

Defendants made clear they wanted Plaintiff's deposition to take place before discovery briefing. Dkt. 83 at 5. Plaintiff's deposition could have revealed information useful to Defendants in their briefing. Plaintiff's position in her discovery motion is that Defendants should be compelled to produce documents despite their repeated statements that they did not send the text at issue in this case and have no knowledge of the sender. Defendants had hoped that Plaintiff's deposition would shed light on her theory that links Defendants to the text at issue. Now Defendants are left hanging, with very little document discovery, no depositions, an expert report due in 30 days, and no prospect of Plaintiff's deposition on the horizon. Defendants have clearly been prejudiced by Plaintiff's failure to appear at her deposition.

3. <u>Plaintiff Does Have a History of Dilatoriness</u>

Plaintiff's failure to appear at her deposition is just one example of many of her general dilatoriness in discovery matters in this case. To date, Vazquez has produced exactly one document of her own in response to Defendants' discovery requests: a photocopy of her cell phone bill.[2] Plaintiff has produced no evidence that Defendants were responsible in any way for the unwanted text message that she allegedly received. Plaintiff has yet to take a single deposition. And finally, Plaintiff's counsel has refused to provide new dates of availability for Plaintiff's

---

[2] Plaintiff has confused the term "page" with the term "document." Pl. Opp. at 21. While Plaintiff's cell phone bill did contain multiple *pages*, she has still only produced one *document* of her own in this matter.

7

deposition until the discovery disputes in this matter are resolved. Plaintiff has essentially wasted most of the seven months allotted for fact discovery in this matter. Plaintiff also has failed to make use of information she obtained from Defendants months ago. For example, Plaintiff asserts that "[o]n March 8, 2017, counsel for Defendants Zeta and Spire informed counsel for Plaintiff that they are unable to determine which of Defendants' 'affiliates', if any, sent the unlawful text message received by Plaintiff." Pl. Opp. at 27. But, in that same March 8 email where Defense counsel made that statement, Defense counsel pointed out that this was not the first time he had conveyed this information to Plaintiff, and that he had been repeating this information since the lawsuit began. *See* Exhibit G to Siprut Decl. Thus, this prong of the *Poulis* test is met.

    4.   <u>Plaintiff Has Been Willful in Her Actions</u>

As noted above, Plaintiff's counsel wishfully read an email which stated that Defendants would not consent to delaying Plaintiff's deposition to mean that the parties were close to achieving a settlement and advised Plaintiff that she did not need to finalize or confirm her travel arrangements. Plaintiff's shifting story—first the deposition was cancelled because of child care issues and now the real story is that Plaintiff's counsel made a bad judgment call—indicates willfulness and bad faith. It is also indicative of Plaintiff's general strategy in this case which seems to be to do as little work as possible with the hope that it will settle in her favor. Plaintiff continues to delay her deposition under similar pretenses. She has stated that she will not provide additional dates until the location of her deposition is settled. However, nothing prevents Plaintiff from providing dates of availability in

8

Georgia and in New Jersey. Doing so would show good faith on her part, even though a dispute regarding location may occur. Indeed, Plaintiff's statement in her brief that she "will rely on production of all Defendants in prosecuting her claim" (Pl. Opp. at 21) is an indicator that Plaintiff initiated this action with little to no evidence against Defendants, and that she has not uncovered anything relevant in discovery that supports her theory of the case.

 5. Alternative Sanctions Will Not Be Effective

Plaintiff argues that alternative sanctions will be effective because she has "not refused to offer another date for her deposition." Pl. Opp. at 24. But effectively that is exactly what Plaintiff has done. If Plaintiff believes that her deposition should only be taken in Georgia or New Jersey, she should offer available dates for those locations. Such an offer would be a good faith gesture that she is not just attempting to avoid her deposition. She has not made such an offer. This dodging and weaving by Plaintiff is yet another indicator that alternative sanctions will not effectively deter her from this pattern.

 6. Plaintiff's Claim is Not Meritorious

Plaintiff's argument that she has a meritorious claim is not supported by the record in this case. Pl. Opp. at 25–27. For example, her assertion that she "demonstrates that she received a generic, unsolicited text message advertising Defendant TriAd's website" is unsupported by any evidence in this case. Pl. Opp. at 25. The "website" leads to one dead link after another, none of which can be connected to Zeta or Spire. Plaintiff asserts that she has made a "full production" in this case. Pl. Opp. at 26. That may be, but this production of one cell phone bill

9

only underscores the lack of merit to her claim. Plaintiff notes that "Defendant TriAd hired Defendants Zeta and Spire to conduct marketing campaigns." Pl. Opp. at 26. Defendants have never denied their role in marketing campaigns, but significantly they have reiterated over and over to Plaintiff that their role for TriAd did not involve text messaging. Plaintiff's concluding statement that she "has provided all the evidence in her possession" demonstrates that she has brought a claim that has no merit (Pl. Opp. at 27), and thus this *Poulis* factor weighs in favor of Defendants.

**C.    Defendants Should Also Receive Attorney Fees Expended in Briefing This Issue for The Court**

Under Rule 37, if this motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This is because the motion for sanctions was "caused by the failure" of Plaintiff to appear for her deposition.

To determine the amount of reasonable fees, the Court must calculate the "lodestar" amount by multiplying the attorney's reasonable hourly rate by the number of hours reasonably spent. *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 703 (3d Cir. 2005). *See, e.g., Watchel v. Health Net, Inc.*, 2007 WL 1791553, *2 (D.N.J. Jun. 19, 2007). The moving party bears the burden of proving, through competent evidence, the reasonableness of the hours worked and rates claimed. *Washington v. Philadelphia County Court*, 89 F.3d 1031, 1035 (3d Cir.

10

1996); *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The proper starting point for calculating the reasonable hourly rate is the "prevailing market rates in the relevant community." *Interfaith Cmty. Org.*, 426 F.3d at 703.6 "[T]o determine the prevailing market rates in the relevant community, a court must assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Interfaith Cmty. Org.*, 426 F.3d at 708 (internal quotes removed).

In determining a reasonable hourly rate, the Court first examines "the attorney's usual billing rate, but this is not dispositive." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). The district court should also "determine the currently prevailing rates in the community for comparable legal services at the time the fee petition was filed." *Lanni v. New Jersey*, 259 F.3d 146, 150 (3d Cir. 2001). Once a reasonable hourly rate is determined, the Court next considers whether the time expended is reasonable. The court should exclude "hours that are not 'reasonably expended' by virtue of excessiveness, redundancy, or lack of necessity." *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 224 F.R.D. 595, 597 (D.N.J. 2004). The court has significant discretion in determining the lodestar amount; however, once it is determined, the lodestar amount is presumably reasonable. *Lanni*, 259 F.3d at 149; *Rode*, 892 F.2d at 1183.

In support of their request for attorneys' fees, Defendants have submitted contemporaneous hours logs showing time worked and rates for the attorneys who worked on briefing this matter. *See* Exhibit A to Du Wors Reply Decl. The billing

11

rates of John Du Wors and Nathan Durrance (both with 14 years of litigation experience) are $395 per hour. Du Wors Reply Decl. ¶¶ 9, 10. The billing rate of Hannah Ard (with 20 years of litigation experience) is $295 per hour. *Id.* These rates are consistent with the rates for similarly-experienced attorneys in the LSI-updated Laffey Matrix, which is used by the Third Circuit in determining fees awards. *See Interfaith Comm. Org. v. Honeywell Intern. Inc.*, 726 F.3d 403, 416 (3d Cir. 2013). *See also* Exhibit B to Du Wors Reply Declaration (Adjustments to the Laffey Matrix Rates using the Legal Services Index showing an hourly rate of $686 per hour for those attorneys between 11 and 19 years out of law school).

Because Defendants have set forth evidence of a reasonable hourly rate and time worked briefing the Motion to Compel and for Sanctions—brought because Plaintiff failed to appeared for her deposition—this Court should grant Defendants reasonable attorneys' fees on this matter.

## D. This Court Can Order Plaintiff's Deposition in New York

Finally, Plaintiff continues to refuse to provide a new date for her deposition. Defendants ask this Court to compel Plaintiff to provide dates for when she is available to appear for a deposition in New York City.

The location of a deposition is initially selected by the party noticing the deposition. Fed. R. Civ. P. 30(b)(1). *See also Luther v. Kia Motors America, Inc.*, Civil Action No. 08-386, 2009 WL 1727909, at *1 (W.D. Pa. June 18, 2009) (as a general rule the party seeking discovery determines where a deposition will take place). Moreover, the federal district courts in New Jersey have already held that a plaintiff's deposition may be conducted in the city where Plaintiff has brought suit

12

*or in a nearby city. See South Seas Catamaran, Inc. v. Motor Vessel Leeway*, 120 F.R.D. 17, 21 (D.N.J. 1988) (the Court rejected the argument that the deposition must take place at Plaintiff's place of business and said the deposition could take place in NJ or Philadelphia). Thus, it is completely appropriate for Defendants to take Plaintiff's deposition in New York City.

As this Court noted during the February 6 teleconference, Plaintiff chose to file suit in New Jersey and Plaintiff has agreed to be deposed in New Jersey. In the event of a dispute between the parties as to the location of a deposition, the court may prescribe the time, place, and terms of the deposition "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). However, there can be no undue burden or expense on plaintiff to be deposed in New York. If she is willing to be deposed in New Jersey, there is virtually no additional burden or expense to be deposed in New York.

Additionally, Plaintiff's argument concerning "low individual-damages class actions" presenting "unusual circumstances that justify taking depositions in the plaintiff's home jurisdiction" does not apply here. Pl. Opp. at 6. The cases cited by Plaintiff focus exclusively on depositions of large numbers of opt-in plaintiffs to FLSA class actions, and have no applicability here. Pl. Opp. at 6–7. Indeed, one of the cases cited notes that FLSA cases approach discovery and the taking of depositions very differently from other cases. *See Forauer v. Vermont Country Store, Inc.*, No. 5:12-cv-276, 2014 WL 2612044, at *2 (D. Vt. June 11, 2014) (noting that some courts allow only a defendant to depose a statistically significant

sample of plaintiffs in FLSA cases). This Court should not rely on these cases for this one deposition of the Plaintiff in a TCPA case.

## CONCLUSION

For the reasons stated above and in Defendant Zeta and Spire's Motion to Compel and for Sanctions, this Court should dismiss Plaintiff's Complaint due to her failure to prosecute this matter. Alternatively, this Court should issue an order compelling Plaintiff's deposition and ordering her to pay Defendants' reasonable fees and costs associated with her failure to appear at her deposition.

Dated: May 1, 2017               Gordon & Rees LLP

/s/ Peter G. Siachos_____
Peter G. Siachos
*psiachos@gordonrees.com*
18 Columbia Turnpike, Ste. 220
Florham, NJ 07932
Telephone:  (973) 549-2532
Facsimile:   (973) 377-1911

Newman Du Wors LLP
John Du Wors, admitted *pro hac vice*
*john@newmanlaw.com*
Nathan Durrance, admitted *pro hac vice*
*nathan@newmanlaw.com*
Samantha Everett, admitted *pro hac vice*
*samantha@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA  98121
Telephone:  (206) 274-2800
Facsimile:   (206) 274-2801

Counsel for Defendants
Zeta Interactive Corp. and
Spire Vision, LLC