GORDON & REES
Peter G. Siachos, Esq.
18 Columbia Turnpike, Ste. 220
Florham Park, NJ 07932
Telephone: (973) 549-2532

Attorney for Defendants
Zeta Interactive Corp. and
Spire Vision LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORMA VAZQUEZ, individually and on behalf of all others similarly situated, | Case No. 15-7220 (WHW) (CLW) |
| Plaintiff, | Assigned to Hon. William H. Walls |
| v. | **REPLY IN SUPPORT OF CROSSCLAIM DEFENDANTS ZETA AND SPIRE VISION'S MOTION FOR SUMMARY JUDGMENT AS TO INDEMNITY** |
| TRIAD MEDIA SOLUTIONS, INC. a New Jersey Corporation, et al., | |
| Defendants. | |

1

## TABLE OF CONTENTS

Table of Contents ..................................................................................................2

Table of Authorities ..............................................................................................3

Introduction ...........................................................................................................4

Argument ...............................................................................................................4

      A.    Zeta may challenge TriAd's indemnity claim. ........................................4

      B.    Zeta is not liable for defending TriAd against a claim unrelated to Zeta's actions. ..............................................................................................5

      C.    TriAd's fees are not reasonable. ...........................................................7

Conclusion .............................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Emons Indus., Inc. v. Liberty Mut. Ins. Co.*,
 749 F. Supp. 1289 (S.D.N.Y. 1990) .................................................................. 4

*New York State Dep't of Transportation v. N. Star Painting Co., Inc.*,
 163 A.D.3d 1416, 80 N.Y.S.3d 803 (N.Y. App. Div. 2018) ............................... 4

*Sand v. Lammers*,
 150 A.D.2d 355, 540 N.Y.S.2d 876 (1989) ........................................................ 8

*Wallace v. BSD-M Realty, LLC*,
 142 A.D.3d 701, 36 N.Y.S.3d 884 (N.Y. App. Div. 2016) ................................ 6

## INTRODUCTION

TriAd chose to retain its own attorneys and duplicate legal work even though Zeta provided a defense in this straightforward TCPA case. TriAd now demands that Zeta not only pay for the defense and settlement but also reimburse TriAd for TriAd's decision to have duplicate legal teams. Zeta is not obligated to do so, especially since discovery revealed there was no evidence Zeta was responsible for the text message at issue.

## ARGUMENT

**A.    Zeta may challenge TriAd's indemnity claim.**

Without any citation to authority, TriAd claims that cases involving insurance are "inapposite and not controlling herein" and that Zeta was not entitled to reserve rights to later challenge indemnity. (Opposition at 3.) But TriAd fails to supply any alternative authority. And under New York law, indemnity—whether arising from insurance or some other contract—is evaluated using contract law principles. *New York State Dep't of Transportation v. N. Star Painting Co., Inc.*, 163 A.D.3d 1416, 1417, 80 N.Y.S.3d 803, 805 (N.Y. App. Div. 2018). That insurance companies are frequently involved in indemnity disputes does not create an island of law inapplicable to this contractual indemnity case.

TriAd's attempt to manufacture a conflict of interest requiring it to have its own attorneys fails. TriAd is only entitled to separate counsel if there is a conflict of interest with Zeta as to the dispute with Vazquez. *E.g., Emons Indus., Inc. v.*

4

*Liberty Mut. Ins. Co.*, 749 F. Supp. 1289, 1297 (S.D.N.Y. 1990)(separate counsel proper where insurer was economically motivated to settle claim quickly and insured was better served by fully litigating.) TriAd claims that it was entitled to separate counsel because Zeta reserved its right to later challenge indemnity and because the Agreement capped Zeta's payment obligations at $500,000. (Opposition at 3.) But there is no conflict of interest; both Zeta and TriAd had the same interest against Vazquez and TriAd raises no complaint about Zeta's settlement of the matter.

TriAd also quibbles with Zeta's statement that Zeta did not agree to duplicative work, claiming that Zeta only required that TriAd's fees be reasonable and that Zeta take the lead on defense efforts. (Opposition at 4.) But this conditional acceptance automatically incudes the requirement that TriAd's attorneys not duplicate efforts, because Zeta took the lead and it would be unreasonable to duplicate efforts. It also requires that TriAd's fees be limited to protecting Triad's individual interests if it found a conflict with Zeta's counsel—which TriAd never articulated.

**B.   Zeta is not liable for defending TriAd against a claim unrelated to Zeta's actions.**

TriAd argues that Zeta cannot challenge whether Zeta sent the text because Vazquez's claims were settled and thus the Court did not weigh evidence as to the sender. (Opposition at 6.) But Zeta is challenging that claim now, and the Court must resolve the issue. There is no dispute of fact: There is absolutely zero

5

evidence that Zeta sent the message at issue, and the Court therefore must resolve that factual question in Zeta's favor. TriAd's claim that because TriAd does not send text messages, "to the extent plaintiff's claim arose out of the transmission of an unauthorized text message, as between Zeta and TriAd, the only source of the text could have been Zeta" misses the point. (Opposition at 6.) Vazquez sued TriAd. There is no evidence that Zeta (or TriAd) sent Vazquez the text message. A third party might have sent the text, or Vazquez might have invented her claims and the text might not have been sent at all. Absent evidence Zeta was involved, Zeta is not obligated to insure TriAd against Vazquez's claim.

TriAd's claim that failing to require Zeta to defend the claim leads to an absurd result is likewise backwards. (Opposition at 7–8.) TriAd was sued by a third party and without any evidence blamed Zeta. Zeta is not obligated to insure TriAd for claims based on harm Zeta did not create.

Finally, TriAd claims, without citation to authority or any analysis, that Zeta is equitably estopped from resisting TriAd's attempt to garner a quarter-million dollars for duplicative and unnecessary legal work. (Opposition at 8.) But to prove the elements of equitable estoppel, TriAd must show on Zeta's part: 1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts. *Wallace v. BSD-M Realty, LLC*, 142 A.D.3d 701, 703, 36 N.Y.S.3d 884 (N.Y. App. Div. 2016). If TriAd can demonstrate those

6

facts, TriAd must then also prove that with respect to itself: (1) a lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in [its] position. *Id.*

None of these elements are met. Zeta didn't know of or conceal the true facts: It accepted indemnity until investigation revealed that there was no evidence it was involved. Triad didn't rely on Zeta's acceptance of indemnity; far from it, TriAd refused to accept Zeta's offer of defense and hired its own attorneys. And, TriAd wasn't harmed. To the contrary, Zeta negotiated and paid for settlement of the case.

**C.    TriAd's fees are not reasonable.**

TriAd claim that limiting its fees to $18,700.00 is "laughable and must be rejected" and argues that spending $70,601.50 responding to a few interrogatories and producing one document is reasonable because "the number of relevant documents produced is not necessarily reflective of the efforts required to investigate and sort through potentially responsive documents." (Opposition at 10–11.) But this case was phenomenally straightforward for TriAd: Vazquez claimed TriAd sent an SMS message and TriAd denied it because TriAd doesn't send text messages. Zeta then picked up the defense as soon as TriAd notified Zeta of the claim. There is simply no basis for a quarter-million dollars in fees for the easy tasks TriAd performed.

TriAd bears the burden of showing its fees are reasonable. *Sand v. Lammers*, 150 A.D.2d 355, 356, 540 N.Y.S.2d 876, 877 (1989). TriAd has not separated its incurred fees after Zeta conditionally accepted indemnity or separated fees incurred to protect TriAd's individual interests. TriAd thus fails to meet its burden to show reasonable fees.

TriAd also makes much of handling the case on its own for the first year. But TriAd waited to tender its immunity request and should not now profit by its own delay. Zeta promptly provided a defense as soon as TriAd notified it. Further, TriAd's actions—filing an answer and attending a couple of conferences—do not require more than minimal effort. $18,700.00 is ample to compensate TriAd for those few necessary actions.

TriAd correctly notes that the Agreement provides for attorney's fees if TriAd proves that Zeta breached it. (Opposition at 11.) But that provision is only triggered if the Court finds that Zeta breached. TriAd is not entitled to attorneys' fees pursuing indemnity based on Vazquez's claim alone. And there is no breach here: TriAd demanded a defense and Zeta provided it, even though later evidence demonstrated that Zeta was not required to do so.

## CONCLUSION

TriAd chose to retain its own attorneys even though Zeta provided a defense and settled the case. Zeta is not required to pay for TriAd's separate attorneys and summary judgment should be granted to Zeta.

Dated: October 29, 2018                     Respectfully submitted,

                                                                             GORDON & REES

*/s/Peter G. Siachos*
Peter G. Siachos, Esq.
18 Columbia Turnpike, Ste. 220
Florham Park, NJ 07932
Telephone: (973) 549-2532
Facsimile: (973) 377-1911
Email: *psiachos@gordonrees.com*